JAMES MORRISON, Appellant, *v.* MARY ROSSIGNOL, Respondent.

A covenant for a lease to be renewed indefinitely at the option of the lessee, is in effect the creation of a perpetuity, and is against the policy of the law.

Where a clause of renewal in a lease discloses no certain basis for the ascertainment of the rent to be paid, such clause will be held void for uncertainty.

A Court of Equity is always chary of its power to decree a specific performance, and will withhold the exercise of its jurisdiction in this respect, unless there is such a degree of certainty in the terms of the contract as will enable it at one view to do complete equity.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

Bill for a specific performance.   Action tried by the Court below on an agreed statement of facts.   The points in controversy are found distinctly stated in the opinion of the Court.

*Crockett & Page* for Appellant.

1.   The clause for renewal is void, inasmuch as it goes to create a perpetuity.   Stat., 1851, p. 169.

2.   It is void for uncertainty.   The rent for the new term is not fixed in the lease, and therefore it is not technically a covenant for the renewal of the old lease; but a covenant for a new lease for each suc-

cessive year in perpetuity. The rent to be paid is not fixed by the lease, nor is there any certain standard by which it can be ascertained. Taylor's Landlord and Tenant, §§ 333, 334, 335. Whitlock v. Duffield, 1 Hoff. Ch., 110.

3. Courts of Equity will not decree a specific performance of every covenant, regardless of its character. Tay. Land. and Tenant, § 338. St. John v. Benedict, 6 Johns. Ch., 111. Seymour v. Delancey, 6 Ib., 222. 3 Cowen, 455. Ib., 505. 3 Harris & McH., 326. 2 Story's Eq., §§ 742, 769, 750, 717. Colson v. Thompson, 2 Wheat., 336. Harnett v Fielding, 2 Sch. & Lefr., 552.

*Sidney V. Smith & Chas. H. S. Williams* for Respondent.

1. A lease is never decreed void for uncertainty, except where the Court is unable to carry out the intention of the parties, or where the intentions cannot be ascertained from the lease. 1 Hoff., Ch. 110. Abeel v. Radcliff, 13 Johns., 291.

2. Where the amount of rent is not specified, but can be ascertained from the provisions of the case, the same is always upheld. Foets v. Huntley, 7 Wend., 214. Weaver v. Wood, 9 Barr., 220.

3. The covenant for renewal does not tend to create a perpetuity. Stat. 1851, p. 169.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

A covenant for a lease to be renewed indefinitely at the option of the lessee, is, in effect, the creation of a perpetuity; it puts it in the power of one party to renew for ever, and is therefore against the policy of the law.

Another and substantial objection to the enforcement of the clause of renewal in the lease disclosed by the record, consists in the want of any certain basis for the ascertainment of the rent to be paid. It says the rent shall be stipulated according to the value of the property. But who is to fix the value of the property? Certainly each party would have the right to do it for himself, in the absence of any other stipulation. I know of no rule of law which can compel a party to change his estimate of the value of his property, when by contract he has the right to determine it for himself. A Court of Equity is always

chary of its power to decree specific performance, and will withhold the exercise of its jurisdiction in that respect, unless there is such a degree of certainty in the terms of the contract as will enable it at one view to do complete equity. The maxim *id certum est quod certum reddi potest*, is here improperly invoked; for, governed by the language of the lease, there is no test by which certainty can be attained.

The judgment is reversed, and the cause remanded.