GEORGE CLARK, Appellant, *v.* HENRY W. BARNES et al., Respondents.

Under the provision of the State Constitution (art. 1, § 14) declaring that "no lease * * * of agricultural land for a longer period than twelve years * * * shall be valid," a lease for a longer period is not valid for twelve years, but is void *in toto.*

Where, in pursuance of a written agreement, two leases of the same premises were executed at the same time, upon the same consideration and terms, and as parts of the same transaction, one for eight and the other for twelve years, beginning at the expiration of the first term, *held* (CHURCH, Ch. J., dissenting), that the two leases were to be construed together, as if contained in the same instrument, and were void; and that summary proceedings by the lessor to remove the lessee were maintainable.

At the time of the execution of the leases, defendants were in possession under a former lease for three lives held by defendant B. An action was then pending in favor of plaintiff, who was the owner of the premises, to recover possession. The parties entered into a written agreement for the settlement of the suit, whereby B. was to cancel and surrender the former lease and to pay arrearages of rent; plaintiff was to execute the leases in question, and to discontinue the suit, without costs, all of which was done. *Held* (MILLER, J., dissenting), that the fact of the invalidity of the two leases did not reinstate the prior lease, as their execution was not the sole consideration for the cancellation of said prior lease; that this could only be done by a suit in equity for that purpose.

(Argued December 11, 1878; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment of Special Term which reversed a judgment of a justice of the peace in favor of plaintiff, in summary proceedings under the statute, to remove a tenant alleged to be holding over after the expiration of his term.

The facts appear sufficiently in the opinions.

*E. L. Stevens*, for appellant. The lease for twelve years was void. (Const., art. 1, § 14 ; *Hart* v. *Hart*, 22 Barb., 606.) The notice to quit was sufficient, and plaintiff was entitled to possession. (*Porter* v. *Bleiler*, 17 Barb., 154 ; *Reeder* v. *Sayre*, 70 N. Y., 184.)

*Johnson & Prescott*, for respondents. The twelve year lease was valid as a covenant or contract between the parties, during the eight years, for a leasing to begin at the expiration of each term. (*Whitney* v. *Allaire*, 1 N. Y., 305 ; *Hart* v. *Hart*, 22 Barb., 606 ; *Frull* v. *Granger*, 8 id., 115 ; 9 Ves., 325 ; 14 id., 332 ; 16 id., 84 ; 2 id., 443, note 4 ; 5 Bac. Abr., 677, Bouv. ed. ; *Stephens* v. *Reynolds*, 6 N. Y., 454 ; *Parsall* v. *Stryker*, 41 id., 480 ; Willard Eq., 284 ; *Rhodes* v. *Rhodes*, 3 Sand. Ch., 279 ; *Peirce* v. *Nichols*, 1 Paige, 244.) If the consideration for the surrender of the life lease was void, then the surrender was and is a nullity. (*Dyett* v. *Pendleton*, 8 Cow., 727, 733.) If the stipulation for the surrender of the three-life lease and the two leases are to be construed as one contract, the general purpose of the whole transaction apparent therefrom will determine the apparent purpose and intent of the parties. (2 Parsons on Cont., 15 ; *Lynde* v. *Budd*, 2 Paige, 191 ; *Howes* v. *Woodruff*, 21 Wend., 641 ; *Hull* v. *Adams*, 1 Hill, 601 ; *Cornell* v. *Todd*, 2 Den., 130 ; *Draper* v. *Snow*, 20 N. Y., 331 ; *Rogers* v. *Smith*, 47 id., 327 ; *Jackson* v. *McKenny*, 3 Wend., 283 ; *Stow* v. *Tift*, 15 J. R., 458 ; *Hunt* v. *Livermore*, 5 Pick., 395 ; *Jackson* v. *Dunsbaugh*, 1 John. Cas., 91 ; *Ford* v. *Belmont*, 7 Robt., 97 ; S. C., 508.) The con-

stitutional prohibition, being in derogation of personal right, should be liberally and equitably construed. (*People* v. *Supervisors Chenango*, 8 N. Y., 328 ; *People* v. *Supervisors Orange*, 27 Barb., 575 ; *People* v. *Supervisors Orange*, 17 N. Y., 241 ; Smith Com. of Stat. Con., 815 ; *Sherwood* v. *Reade*, 7 Hill, 431 ; *Sharp* v. *Speir*, 4 id., 76 ; *Morse* v. *Williamson*, 35 Barb., 472.) Plaintiff having accepted full performance on the part of defendants, will not be permitted or assisted in withholding fulfillment on his part. (Willard's Eq., 284 ; *Pierce* v. *Nichols*, 1 Pai., 244 ; *Rhodes* v. *Rhodes*, 3 Sandf. Ch. R., 279 ; *Stephens* v. *Reynolds*, 6 N. Y., 456–457.)

EARL, J. In February, 1865, the defendants were in possession of a certain farm, situated in Oneida county, under a lease for three lives, given in 1841. The farm belonged to the plaintiff, subject to this lease, which was held by the defendant Barnes, and which had not yet by its terms come to an end. At that time an action was pending, in favor of the plaintiff, against Barnes, for what purpose does not definitely appear,—but probably to recover possession of the farm ; and the action was upon the calendar of the Circuit Court for trial. The parties then entered into a written agreement for the settlement of the suit, whereby Barnes was to cancel, surrender and deliver the lease to Clark, and to pay arrearages of rent, and Clark was to execute two leases of the same farm to Barnes, one for eight years from February 1, 1865, and another, in the same form, for twelve years from February 1, 1873 ; and on the full performance of these stipulations, the action was to be discontinued, without costs to either party. In pursuance of this, Barnes paid the rent, and canceled and surrendered the lease, by an instrument under seal, and Clark executed the two leases for the terms mentioned.

Barnes occupied, and paid the rent, under the first lease, until after February, 1873 ; and in July of that year, after making proper demands upon the defendants for the posses-

sion of the premises, Clark commenced this proceeding to recover the possession, upon the claim that the lease for twelve years was void, under the constitution of this State.

It is provided in section 14 of article 1 of the constitution that "no lease or grant of agricultural land, for a longer period than twelve years, hereafter made, in which shall be reserved any rent or service of any kind, shall be valid." This provision condemns all leases for a longer period than twelve years. A lease for a longer period than that would not be valid for twelve years, but the lease itself would be void *in toto.* It is not provided that no lease shall be valid for a longer term than twelve years; but the provision is that the kind of lease described shall be invalid. Hence, if this had been one lease for twenty years, it would unquestionably have been void. But the claim is that, as neither of these leases is for a longer period than twelve years, the constitution has not been violated. But both leases were executed, in pursuance of a written agreement, at the same time, upon the same consideration, as parts of the same transaction, and were upon precisely the same terms; and they may, therefore, be construed together, as if they were contained in the same instrument. If the leasing had been by one instrument, for these two terms, it would not be disputed that, within the meaning of the constitution, there would have been a lease for twenty years; and the effect is the same, and the construction must be the same, under the circumstances disclosed here, although the agreement is witnessed by two instruments instead of one. Otherwise the whole policy of the constitutional provision could be defeated, by cutting a very long term up into successive short terms, by the use of separate instruments, all executed at the same time. It is apparent that there was the purpose to evade this constitutional provision; and, if necessary, we must infer that the jury so found.

But the further claim is made that, if these leases were void, then the prior lease for three lives, which had not expired, was reinstated. But this does not follow. That

lease had been canceled and surrendered. The two leases executed at the time were not the sole consideration for such cancellation and surrender. The suit was discontinued, without costs ; and how valuable that consideration was to the defendant, and how detrimental to the plaintiff, we do not know. The only way Barnes can have the old lease reinstated is by a suit in equity for that purpose ; and in such suit, he may probably have relief, if he can show hat he was induced to give up his original lease by fraud or mistake, or that the consideration for the surrender has substantially failed ; and all the rights of both parties can be adjusted and protected.

The judgments of the General Term and of the Special Term must be reversed, and the judgment of the justice must be affirmed with costs.

All concur, except CHURCH, Ch. J., and MILLER J., dissenting.

Judgment accordingly.