## CHARLES C. JENKS v. JAMES S. P. HATHAWAY.

*Bill to quiet title—Complainant's claim—Special demurrer.*

Where complainant in a bill to quiet title shows title in fee from the government and does not seek a relief based on priority, but attacks an adverse claimant, he is not bound to set out the evidences of his own title in his bill.

A bill to quiet title must show in some way that defendant is setting up a cloud on the title, and either describe how, or explain why the method cannot be described.

Under a bill to quiet title no relief can be granted on any ground which is not calculated to becloud the title.

A bill to quiet title is specially demurrable if it merely states that the county records indicate that defendant has or appears to have some interest in said land by reason of certain tax titles executed to him by the Auditor General for delinquent taxes of specified years. It should give the date and description of the deeds and show where in the records they are recorded and whether defendant claims all or only part of the land, and whether the interest claimed is entire or undivided. It should also show what defendant has done or failed to do, to complainant's prejudice, and aver any neglect or refusal on his part to do justice.

Where a bill is radically defective for want of definite averments, and is specially demurred to accordingly, and the complainant does not amend it though he has the means of doing so, he is not in position to maintain his suit, and a decree in his favor may be reversed and his bill dismissed with costs of both courts.

Appeal from St. Clair.     Submitted June 8.     Decided June 14.

BILL to quiet title.  Defendant appeals.  Reversed ; bill dismissed.

*Jenks & Jenks* for complainants.  Certainty to a common intent is all that is needed in equity pleadings : Story's Eq. Pl. § 241 ; 1 Barb. Ch. Pr. 38 ; it is enough, as the ground of complainant's claim, in a bill to quiet title, to allege ownership in fee, possession and a direct chain of title from the government: *Hanscom v. Hinman* 30 Mich. 419 ; *Wals v. Grosvenor* 31 Wis. 681 ; *Bell v. Dangerfield* 26 Minn. 306 ; *Johnson v. Vail* 1 McCart. (N. J. Eq.) 423 ; deeds from the government are merely evidence : *Lash v. Perry* 19 Ind. 322 ; *Ford v. Peering* 1 Ves. Jr. 72 ; *L. L. & G. R. R. Co. v. Leahy* 12 Kan. 124 ; complainant need not show title good as against the world : *Hull v. Kellogg* 16 Mich. 135 ; *Rayner v. Lee* 20 Mich. 384 ; *Rucker v. Dooley* 49 Ill. 384 ; and defendant's interest need not be stated with as much precision as complainant's :  1 Dan. Ch. Pr. 321 ; but may be stated in general terms : Story's Eq. Pl. § 255.

*Norris & Uhl* for defendant appellant.  In a bill to quiet title, so much of the deeds as constitutes complainant's title should be set forth in the body of the pleading : *King v. Trice* 3 Ired. Eq. 574 ; *Humphreys v. Tate* 4 id. 220 ; where plaintiff's right does not depend upon any particular privity with defendant, existing independently of his general title, his bill must show his title :  1 Dan. Ch. Pr. (4th ed.) § 21 ; Story's Eq. Pl. §§ 241, 257 ; *Clapp v. Shephard* 23 Pick. 228 ; the bill is fatally defective if it does not show that defendant is setting up a claim : *Comstock v. Ludington* 47 Wis. 231 ; *Gamble v. Loop* 14 Wis. 468 ; *Haddon v. Hemingway* 39 Mich. 618 ; and it must show that the statutory conditions exist : *Ormsby v. Barr* 22 Mich. 85 ; an objection that defendant " appears to have some interest," is not admitted by a demurrer : *Stow v. Russell* 36 Ill. 29 ; *Dubois v. Hutchinson* 40 Mich. 263 ; *Le Baron v. Shepherd* 21 Mich.

272; the rights of parties, the injury complained of, and every other necessary circumstance, as time, place, manner or other incidents, should be plainly alleged : Ld. Redesdale 41 ; and should not be left to arguments and inference : *Hood v. Inman* 4 Johns. Ch. 440 ; *Wright v. Dame* 22 Pick. 55.

CAMPBELL, J. Complainant filed his bill to set aside several tax titles as void. The defendant demurred generally for want of equity, and specially for the lack of specific averments showing on what grounds relief was asked. The demurrer was overruled and relief granted.

So far as the statement of complainant's own title is concerned, it is sufficient. It shows that he owns the land in fee by title derived from the United States. As he does not seek relief depending on any priority of title, but on the contrary attacks an adverse claimant, there is no rule of pleading requiring him to set out in his bill the evidences or steps of his title.

But we think the averments concerning the defendant's claim are entirely insufficient. A bill to quiet title must show in some way that defendant is setting up a cloud upon the title. It may sometimes happen that for vexatious purposes a defendant may assert rights which he studiously keeps concealed, so that complainant has no means beyond his assertions of knowing what his pretended title is. That would be reason enough for a failure to describe it. But the bill must in all cases show, by either description or some method showing why a description cannot be given, in what way his title is wrongfully clouded. Nothing which is not calculated to cloud the title is any foundation for relief. *Detroit v. Martin* 34 Mich. 170.

In the present case there is no averment that the defendant makes any claim whatever. The whole case is made to depend on the alleged fact that the records of St. Clair county indicate that he has or " appears to have some interest in said land by reason of certain tax deeds executed to said Hathaway by the auditor general of said state, for delinquent taxes of the years 1871 to 1878 inclusive."

The bill does not give the date or any other description of any of the deeds, and does not point out when or at what place in the records any deed was recorded. It does not aver whether the interest which defendant appears to have is in all or only a part of the lands, neither does it show whether it is entire or an undivided interest. And there is nothing beyond this to indicate either any right or pretence of the defendant, or any neglect or refusal on his part to do justice. There is not a single tangible fact set up in the bill to show what the defendant has done or failed to do to complainant's prejudice.

This being so, and the demurrer having pointed out specially the lack of any definite allegations, complainant should have amended, if he thought he had any cause of grievance. As his information was from the records he had means of specifying what the record showed, and should have done so.

It is not important to consider the questions presented concerning the assessment, because they are not material when we are not informed to what titles they are supposed to apply. Not having amended when his attention was directly called to the radical infirmity of the bill, complainant is not in a position to maintain his suit. The decree below must be reversed, and the bill dismissed with costs of both courts.

GRAVES, C. J. and COOLEY, J. concurred.