# Robertson *v.* Hayes.

*Statutory Action in nature of Ejectment.*

1. *Contract in violation of statute.*—A contract to do or to have done something prohibited by statute, is illegal and void, though not so declared in terms, and though no penalty is imposed for doing the prohibited act.

2. *Contract partly valid.*—Generally, when a contract is entire and indivisible, and founded on two considerations, one of which is in conflict with the law, or against public policy, while the other is legal, the whole contract is void; otherwise, when the contract is separable and divisible.

3. *Lease for longer term than twenty years.*—While the statute declares that "no leasehold estate can be created for a longer term than twenty years" (Code, § 2190), it does not declare a lease for a longer term void *in toto;* and on general principles, such a lease is void only as to the excess above twenty years.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by John Hayes, against William Robertson and Matt. Fulks, to recover the possession of a tract of land, particularly described in the complaint, with damages for its detention; and was commenced on the 15th January, 1887. The defendants pleaded not guilty, and issue was joined on that plea. On the trial, as the bill of exceptions shows, the plaintiff having proved title in himself by patent from the United States, dated May 4th, 1885, the defendants offered in evidence a written lease of the land, executed to them by the plaintiff and his wife, which was dated August 9th, 1886; and it was admitted in evidence without objection. The lease was for the term of forty years; the rent reserved was "ten per cent. each year of all net profits realized on said place, whether from mineral or surface production, or from timber, or water, or any other source of income whatsoever;" and a clause of forfeiture on default was added. This being all the evidence, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendants excepted to this charge, and they here assign it as error.

A. O. LANE, and E. T, TALIAFERRO, for appellants.

[Robertson v. Hayes.]

HEWITT, WALKER & PORTER, *contra.*

CLOPTON, J.—In defense of a statutory real action, brought by appellee, the appellant set up a lease of the land in controversy for the term of forty years, executed by the appellee August 9th, 1886. By agreement of counsel, the only question submitted for decision is, whether the lease at law is invalid *in toto*, or only as to the excess of the term prescribed by the statute. The lessees were let into possession contemporaneously with the making of the lease.

Section 2190 of the Code of 1876 declares: "No leasehold estate can be created for a longer term than twenty years." This section was first introduced into the legislation of the State by having been incorporated in the Code of 1852, and its terms seemed to have been selected and employed by the codifiers *ex industria*. It enters into and constitutes a part of a system of legislative regulations relating to the power to create estates in land, the effect of conveyances creating them, and the nature, character and extent of the estate created. The legislative system is declarative of the policy of the State, and is founded on the power of the legislature to prescribe the modes by which an interest in lands may be aliened, and the degree and duration of estates. thus created. A contract made for the purpose of doing or having done something prohibited by statute, is unlawful and void, though not in terms so declared, and though no penalty is imposed for doing the prohibited act.—*McGehee v. Lindsay*, 6 Ala. 16; *Woods v. Armstrong*, 54 Ala. 150. Section 2190 is prohibitory in terms, and a leasehold estate created in contravention of its provisions is void. The discussion of this point, however, is unnecessary. Both parties concede that the lease is void; the contention is, to what extent?

Generally, when a contract, clearly entire and indivisible, is founded on two considerations, one legal, and the other illegal, because in conflict with the law, or adverse to public policy, the whole contract is void; otherwise, if separable. As to the extent of the invalidity of agreements for the lease of lands, for a longer term than a specified short period, declared void by the statute of frauds unless in writing and signed by the party sought to be charged therewith, the authorities are inharmonious—some holding such agreements to be invalid entirely, and others invalid only as to the excess of the excepted period. The weight of authority is, that

[Robertson v. Hayes.]

such contracts are void *in toto*, conferring no rights of action, and creating no title of tenancy; and if possession is taken, a tenancy at will arises, which may ripen into a tenancy from year to year. Which ruling is correct, we need not decide. The present case does not involve the invalidity of an agreement to lease, but of the grant of a leasehold estate vesting *in præsenti*. The construction of the statute, in reference to its effect and operation as to the duration of a leasehold estate for a longer term than allowed, materially depends on different principles, than if it were an executory contract of lease.

When an estate is created, vesting in possession, and there are annexed to it restraints and limitations not allowed by law, only the restraints and limitations are void. When a conveyance of lands to one for life, with limitations contravening the rule against perpetuities, is made, such limitations are void *in toto*, but the conveyance stands good as to the particular estate. The rule that prevails in respect to powers to lease is analogous; which is, that when there is an affirmative power to lease for a *specified* term, a lease exceeding the term is void at law; but, when there is a general power to lease, restrained by a negative limitation—such as not to exceed a prescribed number of years—the lease, though for a term exceeding the prescribed limit, will stand good for the term authorized by the power. Also, a lease by a guardian, for a period which must necessarily extend beyond the time when the infant ward will arrive at age, is valid until such time, on the ground of the guardian's general authority to lease; and it may be ratified or avoided by the infant on coming of age.—Platt on Leases, 436, 380. The general power to dispose of lands, as understood and recognized independent of statute, is affirmed with limitations by section 2187 of the Code: "Lands may be conveyed within the limits fixed by law, so as to avoid perpetuities, and subject to such other restrictions as are imposed by this Code, for such term as the owner thinks proper; and courts are enjoined to give effect, in such cases, to the intention and meaning of the parties." Section 2190 imposes a restriction to which the exercise of the general power is subject, and is a negative limitation upon the general power. By virtue of the statutes, the owner of lands has general authority to create leasehold estates for any number of years, not exceeding the term of twenty years. The lease is void only because of this limitation; because the lessor had no au-

[Robertson v. Hayes.]

thority to create a leasehold estate for the term of forty years. The general rule is, that when a deed does not convey all that was intended, because of the want of authority in the grantor, it shall not therefore be construed as entirely void, but will be upheld as a valid conveyance of all which it was in the power of the grantor to convey. Such conveyance is void only as to the excess of the right and interest which the grantor owned and possessed.

The constitution of New York contained a provision, that "No lease or grant of agricultural land, for a longer period than twelve years, hereafter made, in which shall be reserved any rent or service of any kind, shall be valid." Under this provision of the constitution, a lease for a longer time than twelve years was held to be void. It is said: "This provision condemns all leases for a longer period than twelve years. A lease for a longer period than that would not be valid for twelve years, but the lease itself would be void *in toto*. It is not provided, that no lease shall be valid for a longer term than twelve years ; but the provision is, that the kind of lease described shall be invalid."—*Clarke v. Barnes*, 76 N. Y. 301. The conclusion is rested on the express words of the constitution, that such leases shall not be valid; and it is clearly intimated that, if the provision had been that they should not be valid for a longer period, they would be void only as to the excess. Section 2190, not only fails to declare in express terms that a lease creating an estate for a longer term than twenty years shall be void, but its language—"no leasehold estate can be created for a longer term than twenty years"—is an equivalent of the declaration that a lease shall not be valid for a longer term than twenty years. The statute draws the boundary line, separating the legal from the illegal parts of the lease, and leaves it to stand good for the term for which the lessor had authority to create a leasehold estate. The lease, being void only because of the limitation upon the general authority, is void only as to the excess.

Reversed and remanded.