PARISH v. ROGERS.

(Supreme Court, Special Term, Genesee County. September 4, 1896.)

LANDLORD AND TENANT—LEASE OF AGRICULTURAL LAND—TERM.

A lease of a farm during the lifetime of the lessor and of his wife, for rent payable to the lessor during his lifetime, and after his death to his widow, does not violate Const. 1894, art. 1, § 13, which provides that "no lease or grant of agricultural land, for a longer period than twelve years, hereafter made, in which shall be reserved any rent or service of any kind, shall be valid."

Action by George E. Parish against Arthur P. Rogers to recover possession of land. Complaint dismissed.

Mr. Bowen, for plaintiff.
Mr. Peck, for defendant.

SPRING, J.    Elisha H. Parish, who owned a farm in the town of Bergen, county of Genesee, executed a lease of the same to the defendant, bearing date February 25, 1888, at the stipulated yearly rent reserve of three hundred dollars, "for and during the term of the natural life of the party of the first part and of his wife, Cynthia Parish."    The rent reserved was to be paid to the lessor during his lifetime, and after his death to his widow, if she survived him.    The lessee went into possession under his lease, attorning to the lessor during his lifetime, and since his death, in 1889, to his widow, who is still living.    The decedent left a last will and testament, devising this farm to the plaintiff, who brings this action of ejectment to oust the defendant.

The single proposition contended for by the plaintiff is that this, being a lease of agricultural land, which may extend beyond 12 years, is within the inhibition of article 1, § 13, of the present constitution, which is identical in language with section 14 of the same article of the constitution as in force at the time of the execution of the lease, and which section is as follows:    "No lease or grant of agricultural land, for a longer period than twelve years, hereafter made, in which shall be reserved any rent or service of any kind, shall be valid."    The industry of counsel has been unable to find any case decisive of the proposition involved, and my own researches have been equally futile.    There are several authorities construing the section, but not as to the precise question up here.    In Clark v. Barnes, 76 N. Y. 301, there were two leases, evidently designed to evade the section,—one, a lease for 8 years; another, between the same parties, of the same land, for 12 years, the term commencing simultaneously with the expiration of the previous one; and the court held that the two leases made a continuous term of 20 years, and were within the restraint of the constitution.    In Odell v. Durant, 62 N. Y. 524, the lease was of agricultural lands, without restriction as to their use, but for the purpose, primarily, of digging for ore; and the court held that the lease was in violation of the constitution, as the character of the land determined the effect to be given to the instrument.    And in other cases, like Stephens v. Reynolds, 6 N. Y. 454; Parsell v. Stryker, 41 N. Y. 480,—effect might have been given to provisions somewhat similar to the one in suit, but the court disposed of them on other grounds, so they furnish no guide in the solution of this problem.    The instrument itself does not, in express terms, come within the prohibition of the constitution.    The term may extend beyond the restricted period.    It may expire before that time.    The constitutional provision curtails the rights of owners of estates.    It places a restriction upon the disposition of their property.    And, in order to make this curtailment— this restriction—effective, it is but right that the instrument itself should clearly come within the pale of the inhibition.    We should not by conjecture deprive a man of the right of disposing of his own as he listeth.    The lessor—the owner—carried out his intention by

leasing the land. He then devised the land to the plaintiff; and the intention of that devise, presumably, was to vest the fee in the devisee, subject to the lease, so that the plaintiff's title would not become operative until the decease of Cynthia Parish, the widow of testator. We must certainly assume that the testator had in mind the lease to its full termination when he made his will. The aim of the courts is to carry out that intention, unless it runs counter to some express provision of law. The presumptions will all be construed in favor of the lessor testator, in order to make effectual his desires. In cases somewhat analogous, interpreting the limitations embodied in the statute of frauds, it has been held that it must appear affirmatively and explicitly that the instrument is within the restraints of the statute. Moore v. Fox, 10 Johns. 244; Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305; Van Woert v. Railroad Co., 67 N. Y. 538; Rhodes v. Rhodes, 3 Sandf. Ch. 279 (see marg. p. 285); Lockwood v. Barnes, 3 Hill, 128; Blake v. Voigt, 134 N. Y. 69, 31 N. E. 256; Peter v. Compton, 1 Smith, Lead. Cas. 577 (see note of American editors, at page 580). The court cannot hold, as matter of law, that this instrument will extend for a longer period than 12 years. Its termination depends upon providential interposition, and not upon the volition of the parties. So there was no attempt to violate the constitutional interdict, as in some of the cases. The object of this provision in our constitution was to put an end to the long leases which were fast becoming the titles of the holders of land, thus creating a tenant class. Estates for life were not sought to be interfered with. When the subject was before the constitutional convention of 1846, Mr. Brundage, one of the delegates, moved to insert after "years" the words "or natural life of the grantee"; but this was rejected, that implying it was the intention of that body to make the invalidity of leases depend upon the positive terms of the instruments, and not hamper the right of an owner to create an estate for life. See Debates of Constitutional Convention of 1846 (page 804).

The complaint will be dismissed, with costs of action.