TRIANGLE LAND CO. *v.* NESSEN.[1]

1. TAXATION—QUIETING TITLE—ADVERSE CLAIMS.
   One claiming to be owner of an absolute title to lands derived through tax proceedings may not lay the foundation for a suit to quiet title under section 448, 1 Comp. Laws, by alleging a demand upon, and the refusal of, the former owner, out of possession, to disclaim all interest in the lands.

2. SAME—CLOUD ON, TITLE.
   In such a case, the record title of such former owner is not a cloud upon the title derived through the tax proceedings.

Appeal from Lake; Rose, J. Submitted November 11, 1908. (Docket No. 152.) Decided February 2, 1909.

Bill by the Triangle Land Company against J. O. Nessen and another to set aside a deed and to quiet title. From an order overruling a demurrer to the bill, defendants appeal. Reversed, and remanded.

*E. S. Atherton,* for complainant.

*Dovel & Dovel,* for defendants.

Complainant sets out its title to certain land derived from a sale of the land for taxes levied in the year 1900. It avers that the statute notice was duly served upon defendants, who are the grantees named in the last recorded deed, made in 1893 and recorded in the regular chain of title, that thereafter more than six months elapsed, and that said defendants have neither paid nor tendered the money required to obtain a reconveyance of the tax title, nor instituted proceedings to contest the title. It is also further averred:

"Your orator further shows that it is informed and verily believes, and therefore charges the truth to be,

---

[1] Headnotes prepared by OSTRANDER, J.

that the said land is wild, unoccupied, and unimproved land, and that no person or persons has actual possession of said land, and that your orator is now in constructive possession of said land.

"Your orator further charges that, owing to the uncertainty of tax titles and the law relating to the same, your orator has not the highest commercial title to said land, although it is entitled to and absolutely owns said land, but that many persons would hesitate and refuse to purchase said land from your orator and pay an adequate price therefor unless the cloud occasioned by the deed in favor of the said A. J. Dovel and J. O. Nessen be declared null and void by this honorable court as against your orator, and therefore your orator comes into this court to obtain its equitable rights and have its title in and to said land quieted.

"Your orator further charges that the said A. J. Dovel and J. O. Nessen have commenced no suit or proceeding at law or in equity against your orator or the said Minnie H. Kellogg to try title to said land, nor have the said defendants herein offered to release their title to said land.

"Your orator further charges that the deed to the said A. J. Dovel and J. O. Nessen is a cloud upon the title of your orator to said land, and tends to depreciate the value thereof, and your orator is unable to sell said land for an adequate price, owing to said conveyance."

The prayer of the bill is that the deed to defendants be set aside and declared void, and complainant decreed to be the sole owner of the land. To this bill defendants interposed a demurrer, the grounds of which are:

(1) That complainant has an adequate remedy at law.

(2) That it does not appear by the bill that defendants in any manner interfered with complainant's title or right.

(3) That defendants are entitled to have the question of the legality of complainant's alleged title determined at law.

(4) The provisions of the tax law referred to in the bill, limiting the right of defendants to question or defend against complainant's tax title, are invalid and unconstitutional, "and complainant obtained no rights whatever under the alleged transfer."

From a decree overruling the demurrer, defendants have appealed.

OSTRANDER, J. (*after stating the facts*).    The bill is filed under 1 Comp. Laws, § 448. That section reads:

"Any person claiming the legal or equitable title to lands, whether in possession or not, may institute a suit in chancery against any other person, not in possession, setting up a claim thereto in opposition to the title claimed by the complainant, and if the complainant shall establish his title to such lands, the defendant shall be decreed to release to the complainant all claims thereto, and pay costs, unless the defendant shall, by his answer, disclaim all title to such lands and give a release to the complainant, in which case costs shall be awarded as the court may deem just."

It does not appear by the bill of complaint that defendants are setting up any claim to the land in opposition to the title claimed by complainant. The case stated, therefore, is not one within the statute relied upon, and is unlike *Flint Land Co.* v. *Fochtman,* 140 Mich. 341. It is said that, because defendants do not now disclaim interest in the land, relief should be granted; that it is their duty to disclaim and to release all interest to complainant.

The matter set out in the fourth ground of the demurrer is, it is argued, an assertion of title in defendants. If the bill had been answered, and matter affecting complainant's title adversely had been set up in bar of the relief prayed for, a different question would have been presented. See *Flint Land Co.* v. *Godkin,* 136 Mich. 668. I am not impressed with the idea that one who claims to be the owner of an absolute title to land derived through tax proceedings may lay the foundation for a second judicial determination of his rights by demanding of a former owner, out of possession, that he disclaim all interest in the land. There is no statute which requires the owner of an original title cut off in tax proceedings to execute a release or to disclaim an interest in the land. His record title is not a cloud upon the title acquired through the tax proceedings. 2 Cooley on Taxation (3d Ed.), p. 1448; *City of Detroit* v. *Martin,* 34 Mich. 170. If he

is in possession of the land and refuses possession to the tax-title holder, a writ of assistance issued on the footing of the original decree may be procured. If he is out of possession, asserting no title, he should not be amerced in costs and made to bear expense for refusing, upon the demand of the tax-title holder, made in or out of court, to do what he is under no obligations to do. But decision of the case at bar is rested upon the rule that the bill of complaint, no record evidence of a cloud upon complainant's title being asserted, must aver that defendants had asserted title to the land or some claim thereto adverse to the title of complainant. *Jenks* v. *Hathaway*, 48 Mich. 536.

The decree overruling the demurrer is reversed, with costs of this court, and a decree sustaining the demurrer and remanding the record will be entered here.

MONTGOMERY, HOOKER, MOORE, and MCALVAY, JJ., concurred.