[L. A. No. 9521. Department One.—January 31, 1929.]

CALIFORNIA–MICHIGAN LAND & WATER COMPANY (a Corporation), Appellant, v. JOHN E. FLETCHER et al., Respondents.

Goodspeed, Pendell & Neff and Ezra Neff for Appellant.

Thomas T. Robinson for Respondents.

SEAWELL, J.—This appeal is taken from a judgment of dismissal entered after defendants' demurrer to plaintiff's complaint had been sustained with leave to amend and plaintiff failed or refused to amend. The grounds of demurrer were, first, that the complaint did not state facts sufficient to constitute a cause of action; second, that the facts set forth as a second cause of action failed to state a cause of action; third, fourth and fifth, that said complaint was ambiguous, uncertain and unintelligible, respectively, in that it could not be ascertained therefrom by or on what theory plaintiff sought to enforce restrictions against these defendants.

The complaint is in two counts. The first count contains the usual averments appropriate in a suit to quiet title, alleging that plaintiff is the owner of certain described land and premises situate in the Michillinda tract in the county of Los Angeles, that defendants claim an estate or interest in said property adverse to plaintiff, and that the claim of defendants is without any right whatever, and they have no estate, right, title or interest whatever in said land or premises or any part thereof.

"For a further and second cause of action," plaintiff incorporates by reference the allegations of the first count of the complaint and then proceeds to allege that defendants are erecting upon said land and premises a building to be used as a dwelling which will be of a cost and value of less than $5,000, to wit, of the value of $500, and are occupying the uncompleted structure for residence purposes. It is further alleged that "plaintiff was at one time the owner of all of said Michillinda Tract, but has since sold more than half of the lots in said tract, . . . and has made all of such sales and the subsequent use of each lot to be sold expressly

subject to the conditions and restrictions substantially similar to the following:

" 'It is provided and covenanted, said covenants running with the land herein described . . . that any building to be used as a dwelling erected or moved upon said premises shall be of the cost and value of not less than five thousand dollars ($5000). . . . No building on said premises shall be occupied for residence purposes until the completion thereof and full compliance with said requirements as to location and cost.' "

It is also alleged that "in selling said lots in said tract under said conditions, plaintiff has followed a 'general scheme' of building and use restrictions for the benefit of the remaining portion of said tract, which is still owned by plaintiff." Allegations that plaintiff has no plain, adequate, direct and speedy remedy at law, and that it has demanded of defendants that they desist from erecting said building, conclude the statement of the second cause of action. It is not alleged that defendants are plaintiff's grantees, or deraign title through it, or through or from any of its grantees.

The prayer of the complaint is that defendants be enjoined during the pendency of the action from erecting a building of less than $5,000 in value and from occupying said premises, or any part thereof, and that the court make said injunctions prayed for permanent, quiet plaintiff's title to the property involved and assess such damages as may be just.

■ Beyond question the first count of the complaint states a cause of action to quiet title. It is alleged therein that plaintiff is the owner of the described property, that defendants claim an interest therein adverse to plaintiff and that such claim is without right, and defendants have no estate, right, title or interest whatever in said premises or any part thereof. That is all the law requires. (*Hyatt* v. *Colkins*, 174 Cal. 580 [163 Pac. 1007].) We conclude, therefore, that the trial court erred in sustaining the demurrer to said first cause of action.

■ As to the second cause of action, a different situation is presented. Insufficiency of the facts set forth in the said second cause of action was specifically urged as a ground of demurrer. In the second division of the complaint plaintiff plainly intended to set forth a cause of action based

on the alleged violation of a building restriction against the erection of a dwelling at a cost of less than $5,000, and the occupation of said dwelling before it was completed. The statement of said cause of action attempted to be set forth is insufficient in that it does not appear from the facts alleged that defendants are persons against whom a cause of action based on a violation of said restrictions could be sustained. Considered together, the allegations of said count are to the effect that defendants are building upon a lot owned by plaintiff, in which defendants have no right, title or interest. Although it is alleged that plaintiff once owned the entire tract, and has since sold part of it subject to restrictions for the benefit of the entire tract, it is not alleged either directly or inferentially that plaintiff ever sold the lot in question to defendants or to any other person. For aught that appears in said count, defendants may have entered upon said land as trespassers or in the exercise of rights of ownership claimed by them to have been derived from some other source than plaintiff. If the restrictions be regarded as covenants, there would be no cause for a court of equity to enjoin violations of restrictive covenants by injunction against trespassers or adverse possessors upon land owned by plaintiff. If, on the other hand, the restrictions created conditions, a court of law would not adjudge title to be vested in plaintiff as a result of a forfeiture and revestiture of title for breach of conditions where its title was never divested by a sale or otherwise.

Plaintiff having failed in its attempt to state a cause of action based on the violation of building restrictions, the court below did not err in sustaining the demurrer as to said cause of action.

The judgment is reversed as to the first cause of action and as to the second cause it is affirmed.

Preston, J., and Curtis, J., concurred.