# AIKINS *v.* NEVADA PLACER, INC., ET AL.

## No. 2959

September 7, 1932.                    13 P.(2d) 1103.

*W. M. Kearney,* for Appellant:

*Cooke, Stoddard & Hatton,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an action brought by John G. Kirchen to quiet his title to certain mining claims. Thereafter the executor of his estate was by order of the lower court substituted as the party plaintiff. These claims, twelve in number, are situated in Manhattan mining district, Nye County, Nevada, and known as Robust Extension, Robust, Central City, September, September Fraction, Auction, Pedro Fraction, Pedro, Erwin Fraction, Sandusky, Boston and Bedrock. The complaint alleges ownership thereof by plaintiff; that the defendant, Nevada Placer, Incorporated, is a corporation organized and existing under the laws of the State of Colorado, and doing business in the State of Nevada; that the defendants claim an estate and interest in and to the

lands and premises described adverse to plaintiff; that the said claim of defendants is without any right whatever; and that the said defendants have not any estate, title, or interest, nor has either of them any estate, right, title, or interest whatever in said land or premises, or any part thereof. Defendants answered. Their answer denies the allegations of ownership in the complaint. The answer admits that defendant corporation claims an estate or interest in and to said mining claims adverse to plaintiff. It denies that its claim is without right, and admits that defendant Walker has not any estate, right, title, or interest to said mining claims. For further answer and by way of further defense and counterclaim the defendants allege that on November 28, 1927, one L. F. Clar, now deceased, was the owner of and in possession of ten of the twelve mining claims set up in the complaint; that on that date said Clar leased said ten claims to defendant Walker; and that as to the term thereof said lease provided: "That the same shall be effective for a period of five years unless default be made prior thereto and as long thereafter as the second party or his assigns may see fit to operate said property pursuant to the terms and conditions of said lease." The answer alleges that on December 9, 1927, the defendant Walker assigned said lease to the defendant corporation.

Plaintiff filed a demurrer to the answer on April 2, 1930. Thereafter, on October 4, 1930, he filed an amended demurrer stating the ground that the alleged further defense and counterclaim does not state facts sufficient to constitute a defense or counterclaim. The particular point of the demurrer as amended is that the lease set up by defendants which purported to be for five years, and as long thereafter as the lessee or his assigns might see fit to operate the property, is void because in contravention of the statute of 1923, c. 175, p. 314.

The amended demurrer was heard in the trial court, Judge Dunn presiding, and was sustained in a written opinion.

Defendants did not amend their answer, and the case was tried by the court, Judge Walsh presiding, resulting in a judgment for plaintiff. Two appeals were taken by defendants, one from the judgment and one from the order denying the motion for a new trial. We will continue to refer to the parties as plaintiff and defendants.

Defendants did not demur to the complaint on any ground, but contend now that it does not state facts sufficient to constitute a cause of action. This contention is based upon the failure of the complaint to allege possession and legal title to the mining claims involved in plaintiff, and the nature of defendants' adverse claims. The points are elaborately discussed in defendants' briefs. No mention of them was made, however, by defendants' counsel in the oral argument, probably because the objections are untenable. The complaint is governed by section 9061 N. C. L., which reads: "An action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim."

The section was amended into its present form by statute in 1907, c. 83, p. 185. Prior thereto and from its enactment it limited the right of action to a party in possession. It is obvious that it was designed by the amendment to remove this limitation and give the right of action to a party whether in possession or out of possession. As stated in 51 C. J. p. 186: "It is generally held that plaintiff need not be in possession where the statute, omitting any reference to possession, authorizes the action to be brought by 'any person' against another who claims an adverse estate or interest."

Besides authorities cited in note 65 supporting the foregoing statement, see Landregan v. Peppin, 94 Cal. 465, 29 P. 771. The complaint is therefore not defective because it does not allege that plaintiff is in possession of the lands. It is not defective either because it does not allege that plaintiff has legal title to the mining claims. The complaint alleges that plaintiff is the owner

of the mining claims involved. This is the usual allegation in this regard, and is sufficient. 51 C. J. sec. 158, p. 218; Knight v. Boring, 38 Colo. 153, 87 P. 1078; California-Michigan Land & Water Co. v. Fletcher et al., 206 Cal. 392, 274 P. 527; Ihly v. John Deere Plow Co. et al., 35 Idaho, 651, 208 P. 838.

■ The contention that the complaint is fatally defective because it does not allege the nature of defendants' adverse claim is also without merit. Such specification is unnecessary in an action to quiet title. Scorpion S. M. Co. v. Marsano, 10 Nev. 370; California-Michigan Land & Water Co. v. Fletcher et al., 206 Cal. 392, 274 P. 527; Clark v. Darlington, 7 S. D. 148, 63 N. W. 771, 58 Am. St. Rep, 835; Ely v. New Mexico, etc. R. R. Co., 129 U. S. 291, 9 S. Ct. 293, 32 L. Ed. 688.

This court in Scorpion S. M. Co. v. Marsano, supra, construing said section 9061 prior to its amendment in 1907, said: "It is our opinion that, under a proper construction of this statute, it is not necessary for the plaintiff to set out specifically the character of the adverse claim, and that the burden is upon the defendant, if he admits plaintiff's possession, or does not disclaim, to plead and prove a good title in himself." (Pages 379–380 of 10 Nev.).

As possession is no longer a requirement of the statute, that part of the conclusion of the court has no application to this case.

In the first count of the complaint in California-Michigan Land & Water Co. v. Fletcher et al., supra, it was alleged: "That plaintiff is the owner of certain described land * * * situate in the Michillinda tract in the county of Los Angeles, that defendants claim an estate or interest in said property adverse to plaintiff, and that the claim of defendants is without any right whatever, and they have no estate, right, title, or interest whatever in said land or premises or any part thereof." The court said: "Beyond question the first count of the complaint states a cause of action to quiet title. * * * That is all the law requires." The complaint in this case shows that.

■■ The next point is as to the validity of the lease pleaded by defendants in their further defense and counterclaim to which the amended demurrer was sustained by Judge Dunn. As previously stated, defendants did not amend. On the trial of the case, the lease was admitted in evidence over the objections of plaintiff under the denials of the answer. Plaintiff contends that the admission of the lease in evidence was error. We need not determine this point. Defendants concede and we agree, that the crux of this case is whether the lease is valid or void. We believe that it is valid. Stats. 1923, c. 175, p. 314, which was in force when the lease was executed, read: "No lands, town or city lots, or other real property, within this state, shall hereafter be conveyed by lease or otherwise, except in fee and perpetual succession, for a longer period than twenty years. All leases hereafter made contrary to the provisions of this act shall be void."

The statute was clearly designed to prevent long-term leases of real property.

As heretofore pointed out, the lease in question contains this provision: "That the same shall be effective for a period of five years unless default be made prior thereto, and as long thereafter as the second party or his assigns may see fit to operate said property pursuant to the terms and conditions of said lease." It will be seen that the duration of this lease is dependent upon a contingency which may or may not happen within twenty years. We have found no case directly in point on the facts, but the case of Parish v. Rogers (Sup.), 40 N. Y. S. 1014, 1015, is strictly analogous. When the lease dealt with in that case was executed, an article of the constitution of New York in force at the time (Const. 1894, art. 1, sec. 13) prevailed: "No lease or grant of agricultural land, for a longer period than twelve years, hereafter made, in which shall be reserved any rent or service of any kind, shall be valid."

The lease claimed in that case to encounter this prohibition of the constitution was for a farm at a stipulated yearly rent reserve of $300 for and during the term

of the natural life of the party of the first part and his wife. The rent reserved was to be paid to the lessor during his lifetime, and, after his death, to his widow, if she survived him. It was held that the lease did not violate the constitution. In the course of the opinion, the court said: "The instrument itself does not, in express terms, come within the prohibition of the constitution. The term may extend beyond the restricted period. It may expire before that time. The constitutional provision curtails the rights of owners of estates. It places a restriction upon the disposition of their property. And, in order to make this curtailment — this restriction — effective, it is but right that the instrument itself should clearly come within the pale of the inhibition. We should not by conjecture deprive a man of the right of disposing of his own as he listeth. * * * In cases somewhat analogous, interpreting the limitations embodied in the statute of frauds, it has been held that it must appear affirmatively and explicitly that the instrument is within the restraints of the statute. [Citing cases.] The court cannot hold, as matter of law, that this instrument will extend for a longer period than 12 years. Its termination depends upon providential interposition, and not upon the volition of the parties. So there was no attempt to violate the constitutional interdict, as in some of the cases."

This ruling was upheld on appeal, 20 App. Div. 279, 46 N. Y. S. 1058, 1060, and the life estate declared to have effect and operation until the expiration of the time limited by the constitution, viz., twelve years. Effect was given to the principle of strict interpretation of a constitutional or statutory provision restricting the right of free alienation of property. In respect to this rule the court said: "The right of alienation being a fundamental right, it is subject only to such restrictions and limitations in its exercise as the constitution may prescribe, either in express terms or by clear and necessary implication; or to such restrictions as the legislature, acting within its constitutional powers, may deem

proper to impose for the public good. A particular prohibition upon the free alienation of property cannot be extended or enlarged beyond the terms in which the restriction is expressed by the application of any rule of liberal interpretation. On the contrary, the provision must be made to bear a restrictive interpretation, and be limited in its operation and effect by the language employed."

Pursuant to this rule and in respect to whether the grant was void upon its face, the court construed the words "longer period" as meaning a definite period and as not applicable to an estate whose duration is wholly indefinite and uncertain. We are impressed with the reasoning of the court in that case. The constitutional provision construed is practically the same as the statutory provision before us, and the lease in question is no different in principle than the one under consideration in Parish v. Rogers. The latter was to terminate upon the death of the lessor's wife, if she survived him, and the lease here upon the lessees ceasing to operate the leased property. Both are uncertain events. The difference in the nature of these events affords no room for a distinction, particularly in view of the fact that it is not apparent from the lease before us that there is any purpose to defeat the statute. As it does not appear affirmatively from the lease that it will extend beyond the statutory limitation, we cannot, in view of the applicable rule of strict interpretation, declare it void. The statute does not prohibit the leasing of real property for an uncertain period, but only condemns leases of such property for a longer period than twenty years. Interurban Land Co. v. Crawford (C. C.) 183 F. 630–632. There is nothing in the list of cases collected by respondents to persuade a different view. The case of Clark v. Barnes, 76 N. Y. 301, 32 Am. Rep. 306, stressed by respondents, is not at all in point. Uncertainty of duration was no feature of the leases in that case. The two leases of the same property, one for eight years and one for twelve years, were executed at the same time and

were clearly designed, as stated by the court, to evade the constitutional provision. They were consequently construed together and declared void as a whole.

Plaintiff contends that the amendment in 1929 (Stats. 1929, c. 199) to the statute under consideration is a legislative interpretation of the old law to the effect that a lease for a longer period than specified by the statute was void in toto, as held in Clark v. Barnes, supra. The contention is grounded on the clause wherein it is declared that all leases heretofore made contrary to its provisions shall be void as to any periods of time in excess of those enumerated. This argument is academic, for the reason that it does not appear from the lease in question that it will last longer than twenty years, or that such was the intention of the parties. We cannot find such to be facts upon mere conjecture.

■ Nothing to the contrary appearing from the lease, we may presume that the parties intended a lease which would terminate within the statutory period. As the giving of long-term leases is the practice sought to be suppressed by the statute, it is not seen how such policy can be violated by giving effect and operation to the lease in question until the expiration of the statutory period, or until it may be sooner terminated by forfeiture. It is also clear that the lease does not violate the rule against perpetuities as plaintiff contends.

The judgment and order denying a new trial are reversed.

COLEMAN, C. J.: I concur.

SANDERS, J., dissenting:

This opinion will be confined to the consideration of the question: "Does the lease at bar encounter the prohibition of section 78 of an act concerning conveyances, as amended in 1923 (Stats. 1923, c. 175), which reads as follows: 'No lands, town or city lots, or other real property, within this state, shall hereafter be conveyed by lease or otherwise, except in fee and perpetual succession, for a longer period than twenty years. All

leases hereafter made contrary to the provisions of this act shall be void?' "

The clauses in the conveyance deemed pertinent to the question presented for consideration are as follows:

"First party being desirous of having said property exploited and worked for the purpose of recovering the metal values therein; therefore, for the consideration of One Dollar in hand paid by the second party to the first party, the receipt of which is hereby acknowledged and other good and valuable considerations hereinafter set out; first party hereby agrees to lease to second party or his assigns said property as above described for a term of years sufficient to enable the second party to work the property and recover the values therein and to receive as royalty one-tenth of all the gold and other metals recovered therefrom.

"This agreement is to continue in effect; provided, the covenant in the above has been kept by the second party for a period of five (5) years, and as long thereafter as the second party or his assign sees fit to operate said property on the terms and conditions as above set forth."

The conveyance is considered by the parties and their attorneys to be a lease in præsenti for a term of years. If this be true, then the only point to be decided is whether, under the statute, the lease is void. The lessee is granted the right to occupy and have possession of the premises for a term of years sufficient to enable him to work the property and recover the values therein. The lease further provides that it is to continue in effect for that purpose, provided the covenants be kept for a period of five years and as long thereafter as the lessee or his assign sees fit to operate the property on the terms and conditions of the lease. It thus appears that, interpreted as a whole, the period granted the lessee to operate the property is for a term of years sufficient to enable him to work the property and recover the values therein, which may extend for a period longer or shorter than twenty years. Undoubtedly such a lease is within the inhibition of the statute.

Otherwise a person may tie his property up by lease for a longer period than twenty years by the mere wording of his contract and thus defeat the policy of the law so clearly expressed in the statute.

I do not consider the case of Parish v. Rogers, 20 App. Div. 279, 46 N. Y. S. 1058, quoted from so extensively in the opinion of my esteemed associate, to be analogous to this case in fact or in principle. If it be deemed necessary to resort to New York decisions to determine the legal effect and operation of our statute, the case of Clark v. Barnes, 76 N. Y. 301, 32 Am. Rep. 306, decided before Parish v. Rogers, and which, so far as I have been able to discover, stands unreversed, is nearer in point. The case holds that under the constitution, art. I, sec. 14, a lease of agricultural land for a longer period than twelve years is void in toto. In Parish v. Rogers, it was held that the same constitutional provision applied only to a lease in which shall be reserved any rent or service of any kind. In Nevada a conveyance by lease of lands for a longer period than twenty years is void without reference to whether rent is reserved. Furthermore, in Parish v. Rogers, the lease there under review was held not to be ab initio invalid, but void only as to the excess period. I also note that the lease under review in Parish v. Rogers created an estate dependent for its duration upon the payment of rent during the life of the lessor—a providential interposition and not upon the volition of the parties. The lease at bar depends for its duration upon no such providential contingency, nor any contingency other than the uncertainty of the extent and value of the minerals in the ground. It is for a term of years sufficient to enable the lessee to work the property and recover the values therein.

In view of the policy of the law so plainly expressed in the statute, the lease at bar must be construed to extend for a longer period than twenty years. Being contrary to the provisions of the statute, the lease is void ab initio.

The judgment should be affirmed.