HODGES TRANSPORTATION, INC., a corporation, Plaintiff,

v.

STATE OF NEVADA, Defendant.

Civ. No. R–82–334 BRT.

United States District Court,
D. Nevada.

May 11, 1983.

522

Theodore H. Stokes, Ltd., Carson City, Nev., Van Cott, Bagley, Cornwall & McCarthy, Edwin J. Skeen, Salt Lake City, Utah, Hancock, Rothert & Bunshoft, John R. Pascoe, San Francisco, Cal., for plaintiff.

Richard H. Bryan, Atty. Gen., Harry W. Swainston, Deputy Atty. Gen., Carson City, Nev., for defendant.

## ORDER GRANTING MOTION
## TO DISMISS

BRUCE R. THOMPSON, District Judge.

This case is before the court on the State of Nevada's motion to dismiss. All the issues raised by the state need not be addressed because a review of the amended complaint reveals that this court does not have subject matter jurisdiction.

■ Hodges Transportation, Inc. filed the present action against the State of Nevada to quiet title to the bed of the Carson River and a dam on the river. The complaint alleges that the conveyance by which the plaintiff took title to the riparian lands also transferred ownership of the land beneath the Carson River. The complaint also alleges that the state claims an interest in the submerged land adverse to the plaintiff's interest. This states a cause of action under state law to quiet title to the disputed property. It does not, however, establish federal question jurisdiction under 28 U.S.C. § 1331.

■ For a cause of action to state a claim under section 1331, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's complaint. *Mobil Oil Corp. v. Coastal Petroleum Co.,* 671 F.2d 419 (11th Cir.1982); *Guinasso v. Pacific First Federal,* 656 F.2d 1364 (9th Cir.1981). Here, the plaintiff asserts two grounds for federal question jurisdiction in the complaint. First, the plaintiff contends that the navigability of the Carson River is an issue which must be resolved because the state's claim to title rests on the equal footing doctrine. This issue, however, is not essential to the plaintiff's cause of action. In a quiet title action each party must plead and prove its own claim to the property in dispute. *Aikins v. Nevada Placer, Inc.,* 54 Nev. 281, 286, 13 P.2d 1103 (1932); *Rose v. Richmond Mining Co.,* 17 Nev. 25, 27 P. 1105 (1882); *Scorpion Silver Mining Co. v. Marsano,* 10 Nev. 370 (1875).

■ Plaintiff's assertion of title rests entirely upon state law, that is, whether the conveyances upon which it relies included the bed of the Carson River. Here, the state may claim title to the submerged land under the equal footing doctrine. The plaintiff's anticipation of this defense, however, cannot establish federal question jurisdiction. *See Mobil Corp. v. Coastal Petroleum Co.* (supra); *Guinasso v. Pacific First Federal* (supra). Second, the plaintiff contends that federal question jurisdiction exists because the Act of Congress of July 26,

1866, 14 Stat. 251, will have to be construed and applied. This contention is meritless. The act granted a right of way across public domain to owners of vested water rights. The act did not concern the ownership of dams, irrigation works, or submerged lands. Consequently, resolution of the quiet title action would not require the construction or application of the act.

It has been definitively decided that issues respecting the ownership and incidents of ownership of land that have passed from federal title to state or private title are governed by the laws of the state in which the lands are situated. *State Land Board v. Corvallis Sand & Gravel Co.,* 429 U.S. 363, 97 S.Ct. 582, 50 L.Ed.2d 550 (1977); *Packer v. Bird,* 137 U.S. 661, 669, 11 S.Ct. 210, 211, 34 L.Ed. 819 (1891); *State v. Bunkowski,* 88 Nev. 623, 503 P.2d 1231 (1972).

The reasoning of the Eleventh Circuit Court of Appeals in the *Coastal Petroleum Company* case, supra, ·is particularly impressive. *See also Coastal Petroleum Co. v. U.S.S. Agri-Chemicals,* 695 F.2d 1314 (11th Cir.1983). The thorough analysis in these cases leads ineluctably to the conclusion that after federal title has passed, the issue of navigability is only incidental in title disputes between state and private ownership and presents no federal question of sufficient significance to invoke federal question jurisdiction. State tribunals are entirely competent to determine the issue of navigability once the federal interest has been conveyed or eliminated. *See State v. Bunkowski* (supra). Of course, many of the precedents relied upon by both parties involve the United States as a party, or an issue of navigability under the Commerce Clause, rather than navigability as affecting title, and in such cases the independent bases for jurisdiction of federal courts is obvious.

The complaint cannot be amended to state a claim for relief within the jurisdiction of this court.

In consideration of the premises,

IT HEREBY IS ORDERED that the action entitled above is hereby dismissed with prejudice.