102    7
s110 886

A. R. Burns v. The Chicago, Ft. Madison & Des Moines Railway Company, Appellant.

**Eminent Domain:** ACCEPTANCE OF DAMAGES: *Trial de novo.* The acceptance by a land owner of the amount of damages allowed him by the sheriff's jury in proceedings to condemn a railroad right of way, and the concealment of such fact, will not prevent him from recovering a larger award on appeal, where the railroad company procures an appeal on its own account because it is dissatisfied with the amount of the award, although Code, section 1256, provides that acceptance by the land owner of the damages awarded shall bar his right to appeal.

**Error in Taking Evidence:** CURED BY INSTRUCTIONS. In a proceeding to condemn a right of way, certain witnesses considered the fact that the proposed right of way would destroy a connection between two tracts of land by crossings under bridges in the highway. The court charged that the land owner had no right, without the consent of the supervisors, to so connect the two tracts, "and you should not consider that he had any such right, in arriving at your verdict in this case," and that "any evidence upon that subject is withdrawn from your consideration." *Held,* that the evidence was without prejudice to the defendant.

*Appeal from Wapello District Court.*—Hon. W. I. Babb, Judge.

Saturday, April 10, 1897,

This proceeding was instituted by the defendant to condemn a right of way through the plaintiff's land, for railway purposes. The sheriff's jury assessed the damages at three hundred and seventy-five dollars, which amount the defendant paid to the sheriff, and thereupon entered upon the right of way. Both parties appealed, the defendant first perfecting its appeal. Upon trial had at the December term, 1894, to a jury, the damages were assessed at one thousand and fourteen dollars. At the next term, January 24, 1895, the defendant filed a petition for a new trial, upon the ground that within a few days after the award by the sheriff's jury, and after plaintiff had appealed therefrom, he accepted said three hundred and seventy-five dollars from the sheriff. Defendant states in said petition that it had no knowledge that said money had been paid to plaintiff until after the trial in the district court, and after the term had closed. The petition was overruled, and judgment rendered on the verdict. Defendant appeals.—*Affirmed.*

*Jesse A. Baldwin* and *McElroy & Heindel* for appellant.

*McNett & Tisdale* and *J. W. Lewis* for appellee.

Given, J.—I. Appellant's first complaint is that the plaintiff and one Stever were permitted to testify to certain immaterial matters, over appellant's objection. Appellee contends that appellant did not save exceptions to the rulings complained of, so as to be entitled to a review thereof. This contention has caused us to resort to the transcript, and we conclude that appellant is entitled to a consideration of the claims made in argument. To better understand the questions discussed, we will state in a general way the situation of plaintiff's land. He owns

two hundred and eighty-one acres, one hundred north, and one hundred and eighty-one acres south of the right of way. These tracts are connected by a narrow neck of land across which Owle Creek and a public highway run. There are two bridges in the highway, one spanning a ravine, and the other Owle Creek, at a sufficient height to allow stock to pass under them. The right of way is south of the creek and highway, and crosses at the narrowest part of the land. The railroad bed on this land consists of a fill on the east about forty feet high, then a cut about ten feet deep, and then, to the west line, a fill about twenty feet high. The evidence in question is to the effect that, before the railroad was built, cattle did pass under the highway bridges; that plaintiff had partially arranged with the board of supervisors so as to have an undercrossing there; that an undercrossing could be made under either highway bridge; and that, with the railroad embankments as they are, said crossings under the highway are not available. These witnesses, in estimating the value of the land before and after the right of way was taken, took into consideration the matter of these undercrossings. A number of other witnesses, however, gave estimates of the value, without reference to the matter of these undercrossings. The court, in the thirteenth paragraph of the charge, instructed, that the "plaintiff had no right, without the consent of the board of supervisors of the county, to connect the two tracts of land by an open passageway under a bridge over said highway, and you should not consider that he had any such right in arriving at your verdict in this case." Appellant's complaint is that, while this is the law of the case, these witnesses based their estimates of the difference in the value of the land before and after the right of way was taken, in part, upon the loss of the crossing

under the highway. In said thirteenth instruction, the court further said to the jury, immediately following that quoted above, that "any evidence upon that subject is withdrawn from your consideration, and you will not consider such evidence, if any, for any purpose whatever." Appellant quotes from *Potter v. Railway Co.*, 46 Iowa, 399, as follows: "Where there has been error, a presumption of prejudice arises; and, if the record fails to satisfy us that no prejudice has, in fact, been caused, then such error cannot be disregarded. This should not be left in serious doubt." Applying this rule to the record before us, we are entirely satisfied, from the instruction quoted above, and from the general tenor of all the instructions, that no prejudice has, in fact, been caused to the appellant, by admitting the evidence under consideration. The jury was instructed as to the measure of damages, and, under the instructions, must have understood that the evidence complained of was withdrawn from their consideration.

II. The appellant in connection with its petition for a new trial, filed an answer, alleging, in effect, that plaintiff had received said money from the sheriff, and that, by reason thereof, he was barred and estopped from prosecuting his appeal, and from recovering any additional sum as damages. Defendant also says in said answer that it dismisses its appeal. The learned district judge, Hon. Robert Sloan, to whom the petition for a new trial was submitted, says, in his well-considered opinion, as follows: "The evidence in relation to the payment is radically conflicting, but it is such that a new trial should be granted so far as this question is concerned, provided it would in law avail the defendant anything, and reduce the amount of recovery in this case." We fully concur in this view of the evidence. The learned judge reached the conclusion "that the alleged

payment would make no difference in the result,"
and it is as to the correctness of this conclusion that
we now inquire.   Both parties had a right to, and did,
appeal; and, on appeal by either, it was the duty of
the sheriff to hold the money "until the determina-
tion thereof."   Code, section 1255.   "Acceptance by
the landowner of the damages awarded by the com-
missioners shall bar his right to appeal."   Code, sec-
tion 1256.   It certainly follows that to accept the
money, pending his appeal, would be, in fact, a with-
drawal thereof,—an abandonment and dismissal of his
appeal.   In such case, if he alone had appealed, the
district court would have no case before it for trial.
That the receipt of the money was concealed would
not change its effect upon the right of the landowner
to appeal or to prosecute an appeal.   It seems to us
clear that, if the plaintiff did receive the award as
alleged, then the case was not before the district court
on his appeal.   The defendant's right to appeal, and
to prosecute its appeal, was entirely independent of
the fact of whether or not plaintiff appealed or prose-
cuted his appeal.   By its appeal, the defendant said,
in effect, that it was not satisfied with the award, and
demanded another trial on that issue.   By the defend-
ant's appeal the case was properly before the district
court, and it had jurisdiction to try the same as it did.
If the defendant alone had appealed, and the plaintiff
had not received the money, there could be no question
of the plaintiff's right to appear to the appeal, and
to claim more than was awarded by the sheriff's jury.
Now, while receiving the money as alleged bars the
plaintiff of the right to appeal, we do not think it estops
him from questioning the amount of recovery on
defendant's appeal.   The case as it stands lacks one
element of estoppel, namely, that the defendant was
induced to act to its prejudice by the conduct of the
plaintiff in receiving the money and concealing that

fact. The defendant appealed, not because it was willing to allow the plaintiff the three hundred and seventy-five dollars, but because it was dissatisfied with that award as being too much, and with the hope of reducing the amount. Thus contending, the defendant would not have abandoned its appeal merely because the plaintiff was content to accept the award of three hundred and seventy-five dollars. We think the case was before the district court on defendant's appeal for trial *de novo*, and that the parties had the right to contest the amount of recovery on that trial. Defendant could not defeat the verdict and judgment by dismissing its appeal after they were rendered.

We have carefully examined the authorities cited by appellant's counsel, and do not think they are in conflict with the view we have expressed. In *Railway Co. v. Byington*, 14 Iowa, 572, it was held, as has since been enacted in the statute, that the landowner accepting the amount assessed is not thereafter entitled to appeal. In *Reichelt v. Seal*, 76 Iowa, 275 (41 N. W. Rep. 16), it was held that a party cannot enforce a judgment from which he has appealed, and at the same time maintain an appeal to set it aside; but, as we have seen, this case was before the district court on defendant's appeal. In *Corwin v. Railway Co.* (Kan. Sup.) 33 Pac. Rep. 99, it was held that accepting condemnation money cured certain irregularities in the proceeding. *Peterson v. Ferreby*, 30 Iowa, 327, holds that the right of the landowner to receive the money is suspended pending an appeal. *Trust Co. v. Harless* (Ind. Sup.) 29 N. E. Rep. 1062, is not in point, as that is under a statute which does not allow the contending party to enter upon the land and to appeal from the award at the same time, as may be done under our statute when the amount of the award is deposited

with the sheriff. Other cases cited seem to us equally inapplicable. Our conclusion is that the judgment of the district court is right, and it is, therefore, AFFIRMED.