[Civ. No. 9076.   Third Dist.   Apr. 5, 1957.]

GRACE M. KENDALL, Plaintiff and Appellant, v. R. E. SOUTHWARD et al., Defendants and Appellants.

C. Ray Robinson, W. E. Craven and Donald E. Oren for Plaintiff and Appellant.

Landram & Silveira, William L. Garrett and H. K. Landram for Defendants and Appellants.

WARNE, J. pro tem.*—On April 10, 1946, plaintiff Grace M. Kendall leased certain agricultural lands to the defendants, R. E. Southward and Gladys H. Southward, at a specified rental for the term of the natural life of the plaintiff. The effective date of the lease was September 1, 1946. In May of 1955, plaintiff brought an action for declaratory relief, contending that said lease is utterly invalid and void on the ground that it is in violation of the provisions of section 717 of the Civil Code, which provides that:

"No lease or grant of land for agricultural or horticultural

*Assigned by Chairman of Judicial Council.

purposes for a longer period than fifteen years, in which shall be reserved any rent or service of any kind, shall be valid . . .''

The defendants contended that the lease was valid, notwithstanding the statute.

The trial court accepted neither contention but held that the lease was valid for a period of 15 years from its effective date or until the death of the lessor, if she died before the end of that period. Judgment was entered accordingly.

Both parties have appealed from the judgment, the plaintiff from the whole thereof, the defendants from that portion limiting the validity of the lease to a period of 15 years from September 1, 1946, should lessor live so long.

We find no case in California deciding the issues presented by this appeal. There appears to be only two cases wherein section 717 of the Civil Code is mentioned. The cases are *Mann* v. *Mann,* 141 Cal. 326 [74 P. 995], and *Coruccini* v. *Lambert,* 113 Cal.App.2d 486 [248 P.2d 457]. The statement in the Mann case in reference to the application of section 717 of the Civil Code is *obiter dictum.* The Coruccini case contains nothing applicable to the issue now before us.

There is, however, a line of decisions in other states holding that leases for life or other indefinite terms are not void *ab initio* because of statute or constitutional provisions similar to Civil Code, section 717.

The lease in the instant case is one for the life of the plaintiff owner. No one can now determine how long the plaintiff lessor will live. She may die before the expiration of 15 years from the effective date of the lease. She may live beyond that time. The duration of the term of the lease is, therefore, indefinite. Its termination is dependent upon a contingency which may or may not happen within the 15-year limitation of the statute.

It is said in 32 American Jurisprudence, section 64, Landlord and Tenant, page 80:

''. . . A lease for life, although it may extend for a period longer than that specified in the prohibition, is not within the prohibition; where the term is specified in the lease and exceeds the limitation, it is void per se, but where it is left indefinite and its termination depends upon the contingency of death, which may happen within the period of limitation, it cannot be said to be void ipso facto as being made for a period longer than that permitted by the restriction. . . .'' (Also see note 17 A.L.R.2d 570.)

The case of *Parish* v. *Rogers,* 20 App.Div. 279 [46 N.Y.S.

1058], involved a lease which provided for a term for the life of the lessor and his wife with rent payable to the lessor during his life and after his death to his wife. It was contended that the instrument was void as contravening the constitutional provision against leases of agricultural land, reserving rent for more than 12 years. The lease was made in 1888, and the action was commenced in 1896, eight years later. The court, in discussing the contention, said:

". . . Where the term is specified in the lease, and exceeds the limitation, it is void per se; but where it is left indefinite, and its termination depends upon the contingency of death, which may happen within the period of limitation, it cannot be said to be void ipso facto, as being made for a period longer than 12 years. . . . It does not appear, therefore, from the terms of the grant, that it will last longer than 12 years. With respect to whether the grant is void upon its face, the words 'longer period' should be construed . . . as not applicable to estates whose duration is wholly indefinite and uncertain. This grant is not, by its terms, a lease 'for a longer period than twelve years,' but for an indefinite time, which can only be made definite or fixed by the happening of a contingency, viz. death, which may occur within the limitation. The instrument cannot, therefore, be said to create a term for a longer period than 12 years, within the meaning of the provision. . . ."

In the case of *Interurban Land Co.* v. *Crawford,* 183 F. 630, it was held that the Alabama Statute, Code of 1907, section 3418, which provides that no leasehold estate in land can be created for a longer term than 20 years, applied only to tenancies for terms of years and is not appropriate to or a restriction on tenancies for the life of the tenant of another. The statute, the court held, applies only to such leasehold estates as by the terms of the lease endure longer than twenty years, and has no application to those which may or may not endure that long, contingent on the happening of a future event.

In the case of *Aikins* v. *Nevada Placer,* 56 Nev. 281 [13 P. 2d 1103], in a suit to quiet title, the court refused to hold a lease for five years and as long thereafter as the lessee operated the property void and in violation of a Nevada statute, which provided that a lease for a longer period than 20 years shall be void. The court, in considering this statute and the clause of the lease, said:

". . . It will be seen that the duration of this lease is de-

pendent upon a contingency which may or may not happen within twenty years. We have found no case directly in point on the facts, but the case of *Parish* v. *Rogers* . . . is strictly analogous. . . . As it does not appear affirmatively from the lease that it will extend beyond the statutory limitation, we cannot, in view of the applicable rule of strict interpretation, declare it void. . . ."

In *Anderson* v. *Blixt*, —— N.D. —— [72 N.W.2d 799], the Supreme Court of North Dakota followed the rule laid down in the case of *Parish* v. *Rogers, supra,* and held that a lease of agricultural land for as long as any one of the three lessors was alive was not within the statutory prohibition against lease of agricultural lands for more than 10 years, where the ten years had not elapsed at the time of the decision.

We feel that the law as stated in the above mentioned text and cases is sound in principle, and that it states the proper rules to be applied in the case at bar. In applying these rules, we will not be defeating the purpose of section 717 of the Civil Code, but will be giving effect to the statute in holding that the grant or lease shall no longer be valid after 15 years from its effective date.

The judgment is affirmed. The cost of the transcript is to be divided equally, each side to pay for its own briefs.

Van Dyke, P. J., and Peek, J., concurred.