STATE of Iowa ex rel. IOWA STATE HIGHWAY COMMISSION, Appellant,

v.

Lawrence F. READ et al., Appellees.

No. 2–56848.

Supreme Court of Iowa.

April 16, 1975.

Richard C. Turner, Atty. Gen., and Franklin W. Sauer, Asst. Atty. Gen., for appellant.

Earl W. Sutton, Des Moines, for appellees Read, and Steven M. Hanson, of Irish, Skinner & Weislander, Altoona, for appellees Kraus.

Heard by MOORE, C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

McCORMICK, Justice.

This appeal involves jurisdictional questions in an eminent domain proceeding. Plaintiff highway commission condemned Polk County land of defendants Gerald Kraus and Donna J. Kraus, contract purchasers, and Lawrence F. Read and Thelma M. Read, contract vendors, for a road improvement. The jurisdictional problems arose when plaintiff attempted to appeal the compensation commission award to the district court. The trial court sustained special appearances filed by defendants challenging the court's jurisdiction to try the appeal. We reverse.

Defendants Kraus contended in their special appearance that the district court lacked subject matter jurisdiction of the appeal. Defendants Read repeated this contention in their special appearance and alleged in addition that the court lacked personal jurisdiction over them. The ruling of the court was based on a finding that the court was without subject matter jurisdiction. Plaintiff's appeal presents two questions. Did the district court have subject matter jurisdiction of the condemnation appeal? And, did the district court have jurisdiction of the interests of the Reads for purposes of the condemnation appeal?

The special appearances were heard on stipulated facts. The stipulation recited the sequence of events after the compensation commission reported its award for damages and attorney fees on June 7, 1973.

Plaintiff deposited checks for the award with the Polk County sheriff on June 20, 1973. Defendants and others affected by the condemnation were the payees on the checks. An attorney for defendants picked up the checks from the sheriff on June 22, 1973. The checks were subsequently cashed. Plaintiff gave notice of appeal of the award to the sheriff on June 27, 1973. Defendants Kraus, residents of Iowa, were served with notice of appeal on June 28, 1973. Defendants Read, residents of Kansas, were personally served with notice of appeal in Kansas on July 5, 1973.

The stipulated facts do not show the award was deposited with the sheriff pursuant to § 472.25, The Code. That statute provides a means by which a condemnor may deposit the award with the sheriff in

order to obtain immediate possession of the condemned property:

"Upon the filing of the commissioners' report with the sheriff, the applicant may deposit with the sheriff the amount assessed in favor of a claimant, and thereupon the applicant shall, except as otherwise provided, have the right to take possession of the land condemned and proceed with the improvement. No appeal from said assessment shall affect such right, exept as otherwise provided. Upon appeal from the commissioners' award of damages the district court, wherein said appeal is pending, may direct that such part of the amount of damages deposited with the sheriff, as it finds just and proper, be paid to persons entitled thereto. If upon trial of said appeal a lesser amount is awarded the difference between the amount so awarded and the amount paid as above provided shall be repaid by the person or persons to whom the same was paid and upon failure to make such repayment the party entitled thereto shall have judgment entered against the person or persons who received such excess payment."

From the stipulated facts it does not appear the deposit in this case was subject to the statute or any other condition or limitation. If plaintiff intended to proceed under the statute or to condition or limit delivery of the checks to defendants, we believe it had. a duty to instruct the sheriff accordingly. The stipulation does not indicate the sheriff received any instructions from plaintiff when the checks were deposited, and plaintiff did not notify the sheriff of its intention to appeal until five days after he delivered the checks to defendants.

I. Defendants contend payment of the award prior to giving notice of appeal deprived the district court of jurisdiction of the subject matter of the condemnation appeal. This contention confuses the concept of subject matter jurisdiction with the concept of waiver of the right to appeal.

■■ Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceeding belongs. City of Clinton v. Owners of Property, etc., 191 N.W.2d 671, .677 (Iowa 1971), and citations. It is an abstract question unrelated to the rights of the parties on the merits of a given case. Groves v. Donohue, 254 Iowa 412, 118 N.W.2d 65 (1962). Subject matter jurisdiction cannot be conferred or ousted by acts of the parties or procedures employed in particular litigation. Appeal of McLain, 189 Iowa 264, 269, 176 N.W. 817, 819 (1920).

The district court is given subject matter jurisdiction of condemnation appeals by § 472.18, The Code. Bales v. Iowa State Highway Commission, 249 Iowa 57, 60, 86 N:W.2d 244, 246 (1957). The issue for hearing and determination on appeal is the damages by reason of the taking. Stellingwerf v. Lenihan, 249 Iowa 179, 183, 85 N.W.2d 912, 915 (1957).

■ Thus the district court had the power, by operation of law, to hear and determine the issue of damages occasioned by the condemnation in the present case. Payment of the award could not deprive the court of that power. Therefore the payment did not divest the court of jurisdiction of the subject matter of the appeal.

■■ Payment of the award does raise an issue of waiver of the right to appeal. Although a condemnor does not waive the right of appeal by depositing the award with the sheriff under the terms of Code § 472.25, the right of appeal is waived when the condemnor, with knowledge of the circumstances, voluntarily and intentionally pays the award other than under that statute. Cook County v. Malysa, 39 Ill.2d 376, 235 N.E.2d 598 (1968); State v. Smithrock Quarry, Inc., 49 Wash.2d 623, 304 P.2d 1043 (1956); annot., 40 A.L.R.3d 203; see Hegtvedt v. Prybil, 223 N.W.2d 186, 188–189 (Iowa 1974); Burns v. C., Ft. M. & D. M. Ry. Co., 102 Iowa 7, 70 N.W. 728 (1897). It does not matter whether the payment occurs before or after notice of appeal is

given. See Credit Industrial Co. v. Bendixen, 255 Iowa 1020, 125 N.W.2d 262 (1963).

However, waiver is an affirmative defense; it is not jurisdictional. The issue cannot be raised by special appearance. A special appearance raises only jurisdictional issues. Rule 66, Iowa Rules of Civil Procedure; see Reynolds v. Nowotny, 189 N.W.2d 557, 562 (Iowa 1971). Hence defendants' special appearances could not and did not raise the issue of waiver.

The trial court erred in sustaining the special appearances on the ground of absence of subject matter jurisdiction. We do not intimate any view regarding the merits of a claim of waiver. That issue is not before us.

II. Defendants Read alternatively contend their special appearance was good because the court lacked jurisdiction to enter a personal judgment against them. They admit they were served with timely written notice of appeal as provided by the applicable statutes, §§ 472.18 and 472.19, The Code, 1973; see Harrington v. City of Keokuk, 258 Iowa 1043, 141 N.W.2d 633 (1966). They assert this notice merely continued the in rem jurisdiction obtained by the court at the commencement of the condemnation proceeding. They argue that if plaintiff succeeded in reducing the award on appeal the court would lack jurisdiction to enter a personal judgment against them for the difference between the award on appeal and the amount they were previously paid. The Reads rely on the principle that ordinarily personal service on a nonresident outside this state does not confer jurisdiction on our courts to enter personal judgment. Mullenger v. Clause, 178 N.W.2d 420, 423 (Iowa 1970).

The flaw in defendant Reads' argument is their assumption that the court would be required to enter a personal deficiency judgment against them if the award were reduced on plaintiff's appeal. That procedure is unavailable except under § 472.25 which is inapplicable here. When § 472.25 is applicable, condemnees subject themselves to the possibility of personal judgment when they obtain part or all of the deposit pursuant to the terms of the statute.

The parties agree that condemnation is an in rem proceeding and that the court acquired in rem jurisdiction of the interests of the defendants in the land in the present case. See Taylor v. Drainage District No. 56, 167 Iowa 42, 148 N.W. 1040 (1914); Wilson v. Hathaway, 42 Iowa 173 (1875). Code §§ 472.18 and 472.19 merely establish a time limit and a procedure by which an appeal may be taken from the compensation commission award. Harrington v. City of Keokuk, supra, 258 Iowa at 1047–1048, 141 N.W.2d at 636. If notice is not given as required by these provisions, the district court does not acquire jurisdiction of the condemnation appeal. Griffel v. Northern Natural Gas Co., 257 Iowa 1140, 136 N.W.2d 265 (1965). These provisions do not purport to confer in personam jurisdiction. They are a means of giving the district court the power to hear and determine the appeal.

The sole issue for determination in a condemnation appeal is the amount of damages owed by the condemnor by reason of the taking. Stellingwerf v. Lenihan, supra. The amount of damages is to be ascertained and entered of record. When § 472.25 is inapplicable, as in the present case, the only judgment entered is for costs. § 472.23, The Code. A judgment for costs in favor of a condemnor may be set off against the award. See 29A C.J.S. Eminent Domain § 196 at 869. It is thus not necessary for the district court to have in personam jurisdiction of defendants in order to try the sole issue involved in the appeal, the amount of condemnation damages.

The court has jurisdiction over the interest of the Reads to do all it is required to do. When the award on appeal is fixed, if it is less than the award of the commissioners, the problem of collecting the differ-

ence between the award below and the award on appeal is a collateral problem of plaintiff which need not be resolved in the condemnation appeal.

We hold the fact that defendants received the award of the compensation commissioners does not affect the jurisdiction of the district court over the subject matter or over the interests of the defendants.

The trial court erred in sustaining defendants' special appearances. The case must be reversed.

Reversed.