IOWA DEPARTMENT OF TRANSPOR-
TATION, Appellant,

v.

Lawrence F. READ and Thelma M.
Read, Gerald Kraus and Donna J.
Kraus, Appellees.

No. 59924.

Supreme Court of Iowa.

Jan. 18, 1978.

Rehearing Denied March 16, 1978.

Richard C. Turner, Atty. Gen., Asher E. Schroeder, Special Asst. Atty. Gen. and Franklin W. Sauer, Asst. Atty. Gen., for appellant.

Sutton & Nielsen, P. C., Des Moines, and Ed Skinner, Altoona, for appellees.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

REES, Justice.

This is an appeal by the Iowa Department of Transportation, the successor to the Iowa State Highway Commission, from an order and ruling of the trial court sustaining defendants' motion for summary judgment. As the result of our conclusion that there was a factual dispute involving a material issue in the case, we reverse and remand for further proceedings.

We set out the chronology of events leading to this appeal in order to provide a backdrop for this opinion.

The case began on June 7, 1973 when the Iowa State Highway Commission, now Iowa Department of Transportation, condemned property in Des Moines upon which the Gilbert Motel was situated, owned by the defendants Read but which was being sold on contract to defendants Kraus.

At the time of the condemnation proceedings, Reads were residents of the State of Kansas, and the Kraus defendants some time later moved to the State of Wisconsin. The condemnation award totaled $140,600, and on June 20, 1973 the Highway Commission placed in the hands of the Polk County sheriff warrants or checks to cover the total amount of the condemnation award and a separate check for the attorney fees. The defendants and others who were interested in the premises and affected by the condemnation were named as payees on the checks. A letter dated June 19, 1973, over the signature of Asher E. Schroeder, Special Assistant Attorney General, accompanied the checks. The letter was, in effect, one of transmittal, the second paragraph thereof reading as follows:

"Any awards not appealed from may be released after the expiration of the thirty (30) day appeal period. The condemnees may call for these or direct you, in writing, to whom and where to send them."

On June 22, the checks were picked up from the sheriff by an attorney for the defendants, and all of the checks were subsequently cashed.

On June 27, 1973 the Highway Commission filed notice of appeal of the award of $140,600 for the value of the property interests of the defendants. The defendants Kraus filed a special appearance asserting the district court lacked subject matter jurisdiction of the appeal. The Reads also filed a special appearance in which they asserted the court lacked subject matter jurisdiction and lacked personal jurisdiction over them. The special appearances were sustained, and the ruling was then appealed to this court which reversed the order of the trial court sustaining the special appearances in *State ex rel. Iowa State Highway Commission v. Read*, 228 N.W.2d 199 (Iowa 1975).

The opinion in *State ex rel. v. Read*, above referred to, was filed on April 16, 1975, and thereafter, on April 24, the Iowa State Highway Commission filed its petition on appeal in the district court, asserting the compensation award was excessive, and further asserting the checks for the award had been deposited with the Polk County sheriff pursuant to § 472.25, The Code, but that the fund had been wrongfully disbursed and the checks had been wrongfully turned over to defendants' attorney without the entry of any court order authorizing such delivery, and prior to the expiration of the thirty-day appeal period and in violation of the instructions to the sheriff set forth in Schroeder's letter of June 19, 1973. The Highway Commission asserted in its appeal the property taken had a value of $100,000 and that there had been an overpayment to defendants of the sum of $40,600. The defendants Read filed their motion to strike the notice of appeal and petition, asserting the petition was at

variance with the prior stipulations entered into at the time of the prior appeal, and further at variance with the opinion of this court in *State ex rel. v. Read,* above referred to. The Highway Commission resisted the motion to strike, contending it was not timely filed, and that plaintiff's petition contained new matter not treated in the stipulation of the parties or in the prior opinion of this court. In its order overruling defendants' motion to strike, the court stated it was being overruled "for the reasons stated in plaintiff's resistance."

The defendants Read thereupon filed their answer, denying in general terms the allegations of the petition and asserting as an affirmative defense a waiver of the plaintiff's right to appeal in that the funds had been deposited with the sheriff and were cashed after delivery by the sheriff to the defendants, or their representative on June 22, 1973 at which time no notice of appeal had been filed or served.

On February 10, 1976, the Reads filed their motion for summary judgment in which they alleged that on appeal and pursuant to facts mutually agreed upon and stipulated to by the Highway Commission and the defendants, that the Supreme Court of Iowa in its opinion referred to above had held § 472.25, The Code, unavailable to the plaintiff Highway Commission because the deposit of the condemnation award was not made in accord with the terms of that statute.

In their motion for summary judgment, the defendants Read further alleged that the opinion of this court in *State ex rel. v. Read* above referred to precluded the plaintiff Department of Transportation from recovering a personal judgment against the defendants upon remand of the condemnation appeal, that the only judgment which could be properly rendered against them was one for costs, and that the pleadings, record and the opinion of this court which involved the same issue as presented herein, and which the same evidence was presented as would be presented in this case if it were tried, indicated there was no genuine issue as to any material fact.

The plaintiff Department of Transportation resisted the motion for summary judgment, asserting the opinion of this court did not address the merits of the affirmative defense and in fact there was no matter before the court in the prior appeal to indicate whether the plaintiff intended to proceed under § 472.25, The Code, or whether the plaintiff Commission had by the letter of its attorney instructed the sheriff to hold the warrants for the award until the expiration of the thirty-day appeal period.

Hearing was held in connection with the submission of the motion for summary judgment, and evidence was taken, following which the trial court sustained defendants' motion on the basis that "the condemnor having paid the award as it did, condemnor waived the right of appeal." From such ruling the Iowa Department of Transportation has taken this appeal, stating the following issues for review:

(1) That a genuine issue of fact was raised as to whether any instructions were given to the sheriff by the Highway Commission not to release the funds until the expiration of the time for appeal, and that trial court erred in sustaining defendants' motion for summary judgment apparently on the grounds the Highway Commission (now the Department of Transportation), as a matter of law waived its right of appeal of the condemnation award by "having paid the award as it did."

(2) That § 472.25, The Code, does not require the condemning authority to give notice to the sheriff of its intention to appeal prior to or at the time of the deposit of the condemnation award with the sheriff, and that the condemning authority does not waive its right to appeal the award by depositing the award with the sheriff without notifying him of its intention to appeal.

(3) That the trial court obtained personal jurisdiction over the non-resident condemnee defendants when they appeared to defend the appeal of the in rem condemnation proceedings, and such condemnees are personally liable for any overpayment made to them.

I. The first two stated issues are intertwined and interrelated. The plaintiff claims the trial court erred in sustaining defendants' motion for summary judgment since there was a genuine issue as to whether the sheriff had received the letter containing instructions limiting payment of the award and that on the basis of the record there was no waiver of the condemnor's right to appeal the award. On the other hand, defendants contend there was no genuine material issue of fact involving the question as to whether the sheriff received the letter and that on the basis of the record which included the letter the court was correct in sustaining defendants' motion for summary judgment on the ground of waiver since the plaintiff, when it paid the award to the sheriff, was not in compliance with § 472.25, which permits the condemnor to take possession of condemned property on deposit of the condemnation award with the sheriff.

■ In order to be entitled to a summary judgment, the defendants were required to show there was no genuine issue of material fact involved in the case and that a summary judgment should be entered in their favor as a matter of law. Rule 237(c), Rules of Civil Procedure; *Unification Church v. Clay Central School District,* 253 N.W.2d 579, 581 (Iowa 1977) and citations. In passing upon motions for summary judgment, a court is required to look at the entire record in a light most favorable to the party opposing the motion to determine whether the moving party has met his burden. *Unification Church v. Clay Central School District,* 253 N.W.2d at 581; *Sand Seed Service, Inc. v. Poeckes,* 249 N.W.2d 663, 664 (Iowa 1977).

■ We are now called upon to determine whether the trial court's grant of summary judgment was proper. The dispute of the parties over the question as to whether the sheriff received the letter containing the instructions is the crux of the question. On appeal, the defendants contend there was no factual issue as to whether the sheriff received the letter. However, paragraph eight of division I of the answer of the defendant in effect denies the allegations of the plaintiff concerning the sheriff's receipt of the letter set out in paragraph eight of the plaintiff's petition. This issue seemed to constitute a factual dispute throughout the proceedings in the trial court having to do with the submission to the trial court of the motion for summary judgment and resistance thereto. We are forced to the conclusion there was a genuine issue of material fact in the case and that the defendants' motion for summary judgment should not have been sustained.

■ Even assuming there was no factual dispute about whether or not the sheriff had received the letter of the attorney for the Highway Commission, and after looking at the evidence in a light most favorable to the plaintiff, summary judgment on the grounds of waiver of the right of appeal by the Commission should not have been granted. The trial court in its order found and determined that since the Commission allowed the defendants to be paid before it gave notice of its decision to appeal that the plaintiff Commission had waived its right to appeal.

Section 472.25, The Code, provides:

"Right to take possession of lands. Upon the filing of the commissioners' report with the sheriff, the applicant may deposit with the sheriff the amount assessed in favor of a claimant, and thereupon the applicant shall, except as otherwise provided, have the right to take possession of the land condemned and proceed with the improvement. No appeal from said assessment shall affect such right, except as otherwise provided. Upon appeal from the commissioners' award of damages the district court, wherein said appeal is pending, may direct that such part of the amount of damages deposited with the sheriff, as it finds just and proper, be paid to persons entitled thereto. If upon trial of said appeal a lesser amount is awarded the difference between the amount so awarded and the amount paid as above provided shall be repaid by the person or persons to whom the same was paid and

upon failure to make such repayment the party entitled thereto shall have judgment entered against the person or persons who received such excess payment."

The foregoing statute requires a condemnor, in order to take possession of the property of a condemnee to place the funds for the condemnation award in the hands of the sheriff, and provides for their release on court order. The plaintiff insists that § 472.25 does not require or effect a waiver of the right of appeal if the award is deposited with the sheriff prior to the condemnor's notice of appeal. The defendants suggest that the instructions given to the sheriff in the letter were ambiguous, and were not in compliance with § 472.25, and that the release of the funds without court order is ipso facto noncompliance with § 472.25, and constitutes a waiver of the Commission's right to appeal.

We hold there was no waiver of the right to appeal by the Highway Commission in this case. The letter which we assume was given to the sheriff by the Commission instructed the sheriff to hold the warrants for the thirty-day appeal period as provided in § 472.18, The Code.

The delivery of the warrants for the award to the attorney for the defendants by the sheriff's representative, without court order authorizing the delivery of the warrants, cannot be attributed to the plaintiff's derelictions or failure to comply with the law. Certainly, it is not a circumstance which establishes waiver of the Commission's right to appeal.

In *State ex rel. Iowa State Highway Commission v. Read,* 228 N.W.2d at 202, we said:

"Payment of the award does raise an issue of waiver of the right to appeal. Although a condemnor does not waive the right of appeal by depositing the award with the sheriff under the terms of Code § 472.25, the right of appeal is waived when the condemnor, with knowledge of the circumstances, voluntarily and intentionally pays the award other than under that statute." (citations).

We are unable to agree with the trial court that the condemnor, by its actions and conduct, waived its right to appeal. Certainly, the Commission did not "voluntarily and intentionally pay the award other than under the statute".

■ II. The lack of personal jurisdiction over the defendants was not a basis for the court's rendition of summary judgment against the plaintiff, although the defendants raised the jurisdictional question in their motion.

Even though the plaintiff advanced some other arguments in claiming the trial court had personal jurisdiction over the defendants, we conclude § 472.25, The Code, is applicable in this situation since it was the defendants, and not the plaintiff, who received the money without the order of court in violation of the statute, the plaintiff at all times being in compliance with the statute. The statute permits the entry of personal judgment against the condemnees for payments in excess of the amount determined on appeal, and the trial court had, and continues to have, personal jurisdiction to enter judgment against them for the excess.

III. The defendants contend the appendix prepared and filed by the plaintiff contains extraneous matter under rule 15(b), Rules of Appellate Procedure. We note the cost of printing the appendix was only $24, and the appendix does not impress us as being inordinately extended.

■ There is no basis for us to award attorney fees to the defendants' attorneys on appeal to this court in condemnation award appeals. See *Wilson v. Fleming,* 239 Iowa 918, 32 N.W.2d 798.

IV. The trial court erred in sustaining defendants' motion for summary judgment. This case is therefore reversed and remanded for further proceedings.

REVERSED AND REMANDED.