Virginia CASEY, Robert P. Woodburn, W. P. Hamblen, Jr., and William Teague, Trustees for Mary Jane Penrose, Kathy Klar Key, and Mark J. Klar, Pursuant to the Last Will and Testament of Mark Victor Woodburn, Appellants,

v.

John LUPKES, Jr., and Lester L. Lupkes, Appellees.

No. 63470.

Supreme Court of Iowa.

Dec. 19, 1979.

Irene A. Schrunk and Robert R. Eidsmoe of Gleysteen, Harper, Eidsmoe & Heidman, Sioux City, for appellants.

Gerald M. Kraai of Shull, Marshall & Marks, Sioux City, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and LARSON, JJ.

McCORMICK, Justice.

This is an appeal by plaintiffs from summary judgment entered for defendants in a declaratory judgment action brought by plaintiffs as trustees under the will of a lessor seeking to establish the invalidity of an agricultural lease in which defendants are lessees. In separate counts of their petition, plaintiffs alleged the lease violates Iowa Const. art. I, § 24, and is also unconscionable. Defendants alleged in their motion for summary judgment that the constitutional provision merely limits the lease to twenty years' duration and that unconscionability is not an independent ground for avoiding a lease in Iowa. The trial court sustained the motion on both grounds. We affirm as to the first ground but reverse and remand as to the second.

*I. The constitutional ground.* Article I, section 24, of the Iowa Constitution provides: "No lease or grant of agricultural lands, reserving any rent, or service of any kind, shall be valid for a longer period than twenty years." Although the provision has been in the constitution since 1857, this court has not previously been required to interpret it. We must do so now.

It is first necessary to determine the period provided for in the lease. It was entered in August 1974 by Mark V. Woodburn, then owner of the 320 acres of Lyon County farmland involved, and defendants John Lupkes, Jr., and Lester L. Lupkes. It granted a leasehold to run from March 1, 1975, to February 28, 2020, a period of forty-five years. However, in addition to usual provisions for termination upon default, the lease provided for automatic termination on the February 28th following the death of both lessees or upon their total disability for a period of one year. Thus the duration of the lease was forty-five years or until February 28 following the death or disability for one year of the lessees, whichever event would first occur.

Other jurisdictions also have constitutional or statutory provisions which limit the term of agricultural leases. These restrictions originated in the New York Constitution of 1846. New York had a history of long-term leases of manorial lands which were believed to be oppressive to tenants, depriving them both of incentive to improve the land and of fair reward for doing so.

*See Stephens v. Reynolds*, 6 N.Y. 454, 456–57 (1852); Note, 39 Iowa L.Rev. 486, 486–88 (1954); Annot., 17 A.L.R.2d 566, 567 (1951).

Iowa Const. art. I, § 24, was based on the New York provision. *See* Debates of the Constitutional Convention of the State of Iowa 213 (1857) (remarks of Mr. Clarke of Henry County: "I have copied [the provision], in substance, from the constitution of the State of New York.").

However, the Iowa provision contains a significant linguistic difference from the New York provision. The New York limitation provided: "No lease or grant of agricultural land, for a longer period than twelve years, hereafter made, in which shall be reserved any rent or service of any kind, shall be valid." N.Y.Const. of 1846, art. I, § 14; N.Y.Const. of 1897, art. I, § 13 (repealed 1938). In contrast the Iowa restriction provides that no agricultural lease "shall be valid *for a longer period than twenty years.*"

This difference in language accounts for the readiness with which the New York courts held leases with terms longer than twelve years were absolutely void, rather than good to the extent of the limitation. *See, e. g., Odell v. Durant*, 62 N.Y. 524 (1875). It also accounts for the dicta in our prior cases suggesting an agricultural lease in Iowa for more than twenty years is valid for twenty years. *See Trustees of Green Bay Levee & Drainage District No. 2 v. Alexander*, 252 Iowa 801, 812, 108 N.W.2d 593, 600 (1961); *Benschoter v. Hakes*, 232 Iowa 1354, 1364, 8 N.W.2d 481, 487 (1943).

We need not determine in this case whether a lease for a definite term of more than twenty years is good for the period of the limitation. This is because the lease in the present case is not a lease for a definite term. Even under the New York rule a lease which is terminable upon the death of one of the parties is valid for the limitation period. The leading case in the country on this subject is the New York case of *Parish v. Rogers*, 20 App.Div. 279, 46 N.Y.S. 1058 (1897), in which the challenged lease was to run for the duration of the lives of the lessor and his wife. In upholding the lease against constitutional attack, the court said:

The purpose of the enactment was not to interdict the creation of such estates, but to limit the period of time beyond which they shall not extend. Where the term is specified in the lease and exceeds the limitation, it is void *per se*; but where it is left indefinite and its termination depends upon the contingency of death, which may happen within the period of limitation, it cannot be said to be void *ipso facto*, as being made for a period longer than twelve years. *Non constat* but that the estate will terminate within the period. It does not appear, therefore, from the terms of the grant that it will last longer than twelve years.

*Id.* at 282, 46 N.Y.S. at 1060. Other courts have followed the *Parish* holding. *E. g., Fisher v. Parsons*, 213 Cal.App.2d 829, 842, 29 Cal.Rptr. 210, 217–18 (1963); *Kendall v. Southward*, 149 Cal.App.2d 827, 828–30, 308 P.2d 915, 916–18 (1957); *Aikins v. Nevada Placer, Inc.*, 54 Nev. 281, 289–90, 13 P.2d 1103, 1105–06 (1932); *see Anderson v. Blixt*, 72 N.W.2d 799, 805–07 (N.D.1955) (reserving the question whether the portion in excess of the statutory period would be invalid); 49 Am.Jur.2d *Landlord and Tenant* § 68, at 111 (1970); Annot., 17 A.L.R.2d at 570. *See also Interurban Land Co. v. Crawford*, 183 F. 630, 631–32 (C.C.N.D.Ala. 1910) (holding lease for life did not fall within the statutory proscription and thus was good even for the excess period).

■ We see no conceptual difference between a lease for life and the present lease for purposes of application of the *Parish* rule. The lease here terminates after the death or total disability for one year of both tenants. The fact it will also terminate, in any event, after forty-five years does not enlarge the term or make it definite. Through similar reasoning leases have been held to be outside the statute of frauds because they do not preclude performance within one year. *See Fisher v. Parsons*, 213 Cal.App.2d at 837–38, 29 Cal.Rptr. at 214–15. We have held that a provision for termination upon a contingency such as death removes a contract from that statute.

*See Johnson v. Ward,* 265 N.W.2d 746, 747 (Iowa 1978) ("such a contract must be *impossible* of performance within that time if it is to come within the proscription of the statute").

No suggestion is made that the contingency was placed in the present lease as a subterfuge to avoid the constitutional bar. We reserve the question of the effect of such an attempt. *Cf. Clark v. Barnes,* 76 N.Y. 301 (1879) (holding lease and extension executed simultaneously in an attempt to evade the constitutional limitation were invalid because their duration was cumulative for purposes of the constitutional limitation).

We hold that the present lease is valid under Iowa Const. art. I, § 24, for twenty years from its effective date and invalid only as to the excess. Thus the lease will terminate upon the earliest of three events: death of both tenants, their full disability for one year, or the expiration of twenty years from its effective date. The trial court was correct in sustaining defendants' motion for summary judgment on the first count of plaintiffs' petition.

*II. The unconscionability ground.* The trial court entered summary judgment against plaintiffs on their unconscionability claim after holding this doctrine is unavailable in Iowa as an independent basis for avoiding a farm lease. In seeking affirmance of this ruling, defendants contend the unconscionability doctrine is applicable only to transactions subject to the Uniform Commercial Code or involving adhesion contracts. It is made applicable to U.C.C. cases by § 554.2302, The Code, and to adhesion contracts by *C & J Fertilizer, Inc. v. Allied Mutual Insurance Co.,* 227 N.W.2d 169, 179–81 (Iowa 1975).

We have never held the doctrine is unavailable in other contexts. Neither the parties nor this court questioned its use as a defense to enforcement of a noncompetition covenant in *Tasco, Inc. v. Winkel,* 281 N.W.2d 280 (Iowa 1979), where we reversed summary judgment for the defendant employee because a genuine issue of fact on the merits of the defense existed.

■ The unconscionability defense originated in equity but is now generally available in contract actions at law. *See* 1 A. Corbin, Contracts § 128 (1963); 14 S. Williston, A Treatise on the Law of Contracts § 1632 (3d ed. W. Jaeger 1972). A bargain is said to be unconscionable at law if it is "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." *See Hume v. United States,* 132 U.S. 406, 411, 10 S.Ct. 134, 136, 33 L.Ed. 393, 396 (1889).

In *C & J Fertilizer, Inc.,* 227 N.W.2d at 180, we quoted with approval the statement of the doctrine in Restatement (Second) of Contracts § 234 (Tent. Drafts No. 1–7, 1973):

> If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result.

This statement does not limit the doctrine as urged by defendants. Historically, it has not been so limited. *Id.,* Comment b.

■ We hold that the defense of unconscionability is available in any contract action. The trial court erred in holding otherwise.

Defendants contend that even if the doctrine is available to plaintiffs no genuine issue of material fact exists which would permit its application in the present case.

■ Assuming error was preserved on this contention, we find it is without merit. The burden was on defendants to show no such issue existed. *Iowa Department of Transportation v. Read,* 262 N.W.2d 533, 536 (Iowa 1978). They relied wholly on the terms of the lease. In addition to its unusually long term, the lease limited the lessor to a two-fifths crop share rental for small grains. It provided for cash rental of yards, pasture and hay ground at the annual rate of $8.00 per acre and of land sown

with clover or alfalfa at the annual rate of $10.00 per acre. Plaintiffs offered the affidavit of a realtor showing that these provisions were substantially more disadvantageous to the lessor than normal agricultural lease provisions and that they made the land unmarketable. These factors are probative on the issue of unconscionability. *See* Restatement § 234, Comment c. Of course, unconscionability would be determined as of the time the lease was entered, and the realtor's affidavit is weakened by the fact it refers to 1979 standards. However, this weakness is not sufficient to justify summary judgment. Under this record, defendants did not meet their burden to establish no genuine issue of fact existed on the unconscionability claim.

The trial court erred in entertaining summary judgment on the second count of plaintiffs' petition.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.