# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0872
Filed May 13, 2026

————————

**Melodie Kay Terhaar, Jennie Lee Wingert, Nathan John Knight, Debra K. Stream as the Trustee of the Debra K. Stream Irrevocable Trust Dated December 23, 2013,**
Plaintiffs–Appellees,

v.

**Cory M. Grow, Individually and as Registered Agent and CMG, Inc.,**
Defendants–Appellants.

————————

Appeal from the Iowa District Court for Greene County,
The Honorable Kurt J. Stoebe, Judge.

————————

## AFFIRMED AND REMANDED TO DETERMINE ATTORNEY FEES

————————

DuWayne J. Dalen and Nicholas J. Spellman of Finneseth, Dalen & Powell, P.L.C., Perry, attorneys for appellants.

Brant D. Kahler and Rebecca E. Coleman of Brown, Winick, Graves, Gross & Baskerville, P.L.C., Des Moines, attorneys for appellees.

————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

Cory Grow and CMG, Inc. (CMG) appeal from the district court's order granting the forcible-entry-and-detainer (FED) petition filed by Melodie Terhaar, Jennie Wingert, Nathan Knight, and Debra Stream (collectively "the landlords") against Cory and CMG to regain possession of leased farmland. Cory and CMG challenge whether the lease should be reformed to account for lost profits and whether co-tenants Darwin and Pamela Grow were indispensable parties. Because we find the Iowa Constitution and supreme court precedent prohibit more-than-twenty-year agricultural leases and Darwin and Pamela were not indispensable to the FED petition, we affirm. And we remand with directions for the district court to determine and award appellate attorney fees under the lease.

## BACKGROUND FACTS AND PROCEEDINGS

In 2003, Debra Stream and her then-husband, John Knight, entered into a lease agreement with Darwin, Pamela, and Cory Grow (collectively "the Grows") as tenants in a lease for 126 acres of farmland set to begin March 1, 2005, and "shall continue until such time as the tenants no longer wish to rent the farm ground." Cory was the sole tenant in possession; he farmed the acreage under his business entity, CMG. But Stream and Knight were unable to provide possession to the tenants until 2006 because of a dispute with the prior tenant.

Stream and Knight divorced in 2007, dividing the farmland between them, with about twenty-six acres going to Stream. Knight subsequently conveyed his acres to the couple's three children: Terhaar, Wingert, and Nathan Knight. Stream wanted to sell her acres and sued the Grows seeking declaratory relief that the lease was unconscionable because it had an indefinite end-date and was terminable only by the tenants. The district court

ruled in Stream's favor and allowed her to terminate the lease; the Grows appealed. A panel of this court reversed and reformed the lease "so that it [wa]s valid for a term of twenty years from its effective date and invalid only as to the excess." *Stream v. Grow*, No. 09-1011, 2010 WL 1578233, at *7 (Iowa Ct. App. Apr. 21, 2010). While the appeal was pending, Stream leased the disputed twenty-six acres to a different party. Cory essentially lost out on two years of farming profits from that parcel while the appeal worked its way through the courts.

After the lease was reformed, Cory farmed the entire property uninterrupted until August 2024, when the landlords sent each tenant and CMG a notice to terminate the lease effective March 1, 2025. When Cory and CMG failed to vacate the property, the landlords sent him a three-day notice to quit. The landlords then filed an FED petition against Cory and CMG. Cory and CMG moved to dismiss the FED for failing to include Darwin and Pamela as indispensable parties. But Cory and CMG never formally moved for joinder of Darwin and Pamela.

Following a hearing, the court ruled in the landlords' favor. It found that Cory and CMG were the sole parties in possession of the property and were to "be removed from the premises." The court also determined that Darwin and Pamela were not indispensable parties to the FED, and even if they were, the proper remedy would be enjoining them instead of dismissing the petition. Cory and CMG appeal.

## STANDARD OF REVIEW

"A[n] FED action is tried in equity[,] and our review is therefore de novo." *Mart v. Mart*, 824 N.W.2d 535, 539 (Iowa Ct. App. 2012). "We give

weight to the trial court's findings, especially with regard to witness credibility, but we are not bound by those findings." *Id.* at 539–40.

## DISCUSSION

Cory and CMG argue the Grows bargained for a twenty-year farming lease but were delayed and disrupted by actions outside of their control. They assert the court should apply the doctrine of impossibility to reform the lease (again) so the Grows receive the full benefit of their bargain. They also take issue with the court's finding that Darwin and Pamela Grow were not indispensable parties under Iowa Rule of Civil Procedure 1.234(2). We address each in turn.

### I.     Twenty-Year Lease Term

Cory and CMG assert that they should be allowed to farm an additional year in the portion of the property owned by Terhaar, Wingert, and Nathan Knight and an additional two years in the remaining twenty-six acres because the tenants originally bargained for a twenty-year farm lease. As a preliminary matter, the landlords urge that Cory and CMG are precluded from relitigating the terms of the lease. *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (listing the requirements of the doctrine of issue preclusion). While we tend to agree, we assume without deciding we can reach the substantive claims in the interest of completeness.

On the merits, Cory's claim fails at a most fundamental level: The Iowa Constitution forbids agricultural leases longer than twenty years. Iowa Const. art. I, § 24 ("No lease or grant of agricultural lands, reserving any rent, or service of any kind, shall be valid for a longer period than twenty years."); *Casey v. Lupkes*, 286 N.W.2d 204, 207 (Iowa 1979) (holding an agricultural lease is valid "for twenty years from its effective date and invalid

only as to the excess."). Here, the lease's twenty years passed on March 1, 2025; any lost profits should have been remedied through a breach-of-contract action, not lease reformation. *See Gannon v. Willow Creek Century Farms, L.L.C.*, No. 14-0293, 2015 WL 1849401, at *3 (Iowa Ct. App. Apr. 22, 2015); *see also Dopheide v. Schoeppner*, 163 N.W.2d 360, 367 (Iowa 1968) (setting rule for lost profits as part of a party's damages). The district court correctly denied Cory and CMG's claim as incompatible with the state constitution.

## II. Indispensable Parties

Next, Cory argues Darwin and Pamela were indispensable parties under Iowa Rule of Civil Procedure 1.234, and the judgment as issued was invalid. But FED actions are meant to recover possession of property under specific circumstances, including a holdover tenant. *See* Iowa Code §§ 648.1, .22 (2025). So only the parties in possession are indispensable. *See Kelley v. Kelley*, 174 N.W. 342, 344 (Iowa 1919) ("There is involved only the question whether or not the defendant is wrongfully detaining possession at the time of the trial. If he is not in possession at all, he cannot be said to be wrongfully detaining."). We discern no error in the district court's ruling on this basis. And we agree with its observation that, even if there was error, the remedy is joinder—which Cory and CMG never sought. *See* Iowa R. Civ. P. 1.234(3).[1]

---

[1] On the question of joinder, the landlords raise an interesting error-preservation question: When the district court telegraphs the correct remedy to the appellant, and the appellant fails to exercise that remedy, is the issue preserved for review? We assume without deciding we can reach the merits.

### III. Appellate Attorney Fees and Costs

Finally, the landlords ask for appellate attorney fees and appellate costs. We dispose of the second first, as by rule costs are automatically taxed to the unsuccessful party absent direction from the appellate courts to the contrary. Iowa R. App. P. 6.1207. Consistent with the rules, we tax costs to Cory and CMG.

As for appellate attorney fees, we observe the landlords requested them in their appellee's brief, and Cory and CMG did not respond to the contention in their reply brief. While we could likely treat this waiver as a concession, we have also independently reviewed the lease, and we agree with the landlords that the lease authorizes the prevailing party to recover reasonable attorney fees. *See Bankers Tr. Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982) (concluding the fee-shifting provisions that are not expressly limited to trial-attorney fees also apply to appellate-attorney fees). Unfortunately, the landlords' attorneys did not file an affidavit detailing the incurred appellate attorney fees. *See In re Marriage of Samuels da Fonseca Silva*, 15 N.W.3d 801, 808 (Iowa Ct. App. 2024) (expressing our preference "that parties requesting appellate fees do so in their briefs and submit an attorney-fee affidavit immediately . . . after the case is submitted without oral argument"). So we remand to the district court for the limited purpose of determining reasonable appellate attorney fees and awarding those to the landlords.

**AFFIRMED AND REMANDED TO DETERMINE ATTORNEY FEES.**