2014 ND 61

**Kermit ANDERSON, Jr., Plaintiff and Appellant**

v.

**Nick LYONS, Defendant and Appellee**

**and**

**Kevin Kabella, Defendant and Appellant.**

No. 20130284.

Supreme Court of North Dakota.

April 3, 2014.

Mark A. Meyer, Wahpeton, N.D., for plaintiff and appellant and defendant and appellant.

Kip M. Kaler, Fargo, N.D., for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Kermit Anderson, Jr., and Kevin Kabella appealed from a judgment dismissing Anderson's action to evict Nick Lyons from agricultural land owned by Kabella and from a post-judgment order denying a motion by Anderson and Kabella for amended findings and for a new trial. We conclude Kabella's 2007 lease of agricultural land to Lyons does not violate the ten-year time limitation of N.D.C.C. § 47–16–02. We reverse the part of the order denying the post-judgment motion to substitute Lyons' estate as a defendant for Lyons, and we otherwise affirm the judg-

ment and the order denying the post-judgment motion.

## I

[¶ 2] In March 2007, Kabella and Lyons executed a written "land rent contract" involving about 68 tillable acres of agricultural land in Richland County. The agreement was recorded in the recorder's office on March 29, 2007. Under the agreement, Kabella "demised, leased and let" the land to Lyons "to have and to hold in perpetuity" for "the total sum of $20670.00." The agreement required Lyons to pay Kabella $8,268 upon signing, $4,134 on or before June 1, 2009, $4,134 on or before June 1, 2010, and $4,134 on or before June 1, 2011, which the agreement said was "the full and undisputed final payment of this lease." The agreement included the following "special terms":

> It is further agreed by [Kabella] and with [Lyons], if [Lyons] desire[s] to opt out of this agreement at any time, [Kabella] will grant this option free and clear, if the request is provided in writing with a notarized signature of [Lyons] and delivered to [Kabella] by [Lyons]. [Kabella] agrees to and with [Lyons] if [Kabella] desires to sell the above described property at any time forward from the date of this contract [Lyons] will have first chance to purchase the tract described above at an agreed upon three and one half times the total sum stated above.

[¶ 3] In October 2011, Kabella and Anderson executed a five-year written "cash rent agreement" for the same land for 2012 through 2016. In May 2012, Anderson brought this eviction action against Lyons and Kabella, alleging Anderson had entered into a written agreement with Kabella to lease agricultural land owned by Kabella for the 2012 crop year and Lyons no longer had rights as a tenant in the land and refused to vacate the premises. Lyons answered, opposing the eviction and claiming he had executed the "land rent contract" with Kabella in 2007, which constituted an enforceable purchase agreement and was a valid lease of agricultural land under the language of N.D.C.C. § 47–16–02 that "[n]o lease or grant of agricultural land reserving any rent or service of any kind for a longer period than ten years shall be valid." Lyons sought a declaration that his 2007 agreement with Kabella was a valid lease.

[¶ 4] In May 2012, the district court dismissed Anderson's eviction action, concluding Lyons' agreement with Kabella did not violate the ten-year limitation for leases of agricultural land under N.D.C.C. § 47–16–02 and there was no factual basis to evict Lyons from the land. The court concluded as a matter of law there were two measurable events specified in Lyons' agreement with Kabella, which objectively could occur and terminate the lease within the ten-year limitation of N.D.C.C. § 47–16–02. The court explained Lyons could opt out of the lease for any number of reasons, or Kabella could decide to sell the land. The court ruled that under *Anderson v. Blixt*, 72 N.W.2d 799 (N.D. 1955), the 2007 agreement was not void because it could be performed within ten years and did not now violate N.D.C.C. § 47–16–02. The court determined Lyons was entitled to possession of the land and dismissed Anderson's eviction claim.

[¶ 5] In August 2013, Anderson and Kabella moved: (1) to amend the caption of the case to reflect Lyons' death and to substitute Lyons' estate as a defendant; (2) to amend the district court's findings to comport with N.D.C.C. § 47–16–02 and hold Lyons' agreement with Kabella void because it exceeded the ten-year limitation for agricultural leases; and (3) for a new

trial or to alter the judgment on the basis of the court's erroneous determination that Lyons' agreement with Kabella was valid. The court denied the post-judgment motion, concluding the movants failed to establish any meritorious reasons for granting the motion. The court also determined the motion to amend the case caption and substitute Lyons' estate as a defendant was moot.

## II

■ [¶ 6]   Lyons moved to dismiss the appeal from the May 2012 judgment and from the August 2013 order denying the post-judgment motion, arguing the appeal is not timely.

[¶ 7]   Under N.D.R.App.P. 4(a)(1), a notice of appeal must be filed within 60 days from service of notice of entry of the judgment or order being appealed. If a party timely files a post-judgment motion, the full time for appeal runs from service of notice of entry of the order disposing of the last post-judgment motion. N.D.R.App.P. 4(a)(3). This record does not include a document indicating service of notice of entry of the May 16, 2012 judgment and does not "clearly evidence[ ] actual knowledge of entry of judgment through the affirmative action of the moving or appealing party" under N.D.R.Civ.P. 58(b)(4) until the August 2013 post-judgment motion by Anderson and Kabella. Although the district court may have orally informed the parties the matter was dismissed as a matter of law at a May 9, 2012 hearing, the court allowed Anderson additional time to brief the applicability of N.D.C.C. § 47–16–02, and Anderson filed a post-hearing brief on that issue on May 16, 2012. The court issued a written decision on May 16, 2012, including language for entry of judgment and a judgment, but the record does not estab-

lish service of notice of entry of the judgment on Anderson or Kabella.

[¶ 8]   On this record, the post-judgment motion and the appeal are timely because the record does not evidence that Anderson or Kabella had actual knowledge of entry of the judgment through an affirmative act and the notice of appeal was timely filed after service of notice of entry of the order denying the post-judgment motion. *See* N.D.R.Civ.P. 52(b) and 59(j) (motion must be served and filed no later than 28 days after notice of entry of judgment); N.D.R.Civ.P. 58(b)(4) (service of notice of entry of judgment is not required to begin the time for filing a post-judgment motion or appeal if the record clearly evidences actual knowledge of entry of judgment through the affirmative action of the moving or appealing party). We conclude the appeal from the denial of the post-judgment motion and from the judgment is timely.

## III

■ [¶ 9]   The district court denied the motion to amend the caption of the case to reflect Lyons' death and to substitute his estate as a defendant for him. The motion states Lyons died in May 2013 and probate documents for his estate were filed in Richland County in June 2013. Based on those statements, Lyons died after entry of the judgment dismissing Anderson's action, but before entry of the order denying the post-judgment motion. Rule 25(a)(3), N.D.R.Civ.P., governs substitution of parties in the district court, and as relevant to this case, says that if a party dies after an order for judgment is made, the action does not abate and substitution of parties must be allowed. *See also* N.D.R.App.P. 43(a) (substitution of parties on appeal upon death of party). We reverse the order denying the motion to substitute Lyons' estate as a defendant for him and

direct that his estate be substituted as a defendant.

## IV

[¶ 10] Anderson and Kabella argue Lyons' 2007 agreement with Kabella was void. They argue the duration of the lease was "in perpetuity" and assert the district court erred in determining as a matter of law the lease did not violate the ten-year limitation for leases of agricultural land under N.D.C.C. § 47–16–02. Lyons responds his agreement with Kabella did not violate the ten-year limitation for leases of agricultural land, because the term of the lease was dependent on two contingencies that may occur within the ten-year period—Lyons opting out of the lease, or Kabella selling the land with Lyons' right of first refusal.

[¶ 11] Section 47–16–02, N.D.C.C., says that "[n]o lease or grant of agricultural land reserving any rent or service of any kind for a longer period than ten years shall be valid." This Court has recognized the language of N.D.C.C. § 47–16–02 had its origin in 1846 in New York Constitution, art 1, § 14. *Trauger v. Helm Bros., Inc.,* 279 N.W.2d 406, 410 n. 5 (N.D.1979); *Wegner v. Lubenow,* 12 N.D. 95, 99, 95 N.W. 442, 443 (1903). *See* Annot. *Construction and Effect of Statutes Limiting Duration of Agricultural Leases,* 71 A.L.R.2d 566, 567 (1951). In *Stephens v. Reynolds,* 6 N.Y. 454, 456–57 (1852), the New York Court of Appeals explained the historical impetus for that language:

> A large part of the manorial lands in this state were originally settled under leases in fee, leases for lives, or a long term of years. In other words the proprietors, instead of selling their lands out and out to purchasers, demised them to tenants for long periods of time, reserving an annual rent, in money, produce or services. Experience proved that this mode of settling the country was prejudicial to the prosperity and interests of the state, as a question of political economy. The proprietors owning the lands, and the tenants having only the usufructuary interests, subject to be lost by forfeiture, by a non-performance of any of the conditions of the lease, the latter felt none of the pride of independent ownership, and no desire to improve, by the best mode of cultivation, an inheritance which was liable to pass from them or their descendants without a compensation.

[¶ 12] In *Anderson,* 72 N.W.2d at 803, this Court outlined the requirements for a court to declare an agricultural lease invalid under the statutory language:

> In the jurisdictions where the law restricts the duration of a lease of agricultural land, before a court is justified in declaring it invalid, it must find that the lease is of agricultural land; that the use of the land for agricultural purposes is not excluded; that rent or service is reserved; and that the term is within the restriction.

[¶ 13] In *Anderson,* 72 N.W.2d at 803, this Court construed a lease of agricultural land for agricultural purposes with annual rent and service reserved and identified the issue as whether the lease extended for a period longer than ten years. This Court held language stating the lease was for the life of the property owners was of indefinite duration and did not necessarily extend for a longer period than ten years. *Id.* at 803–08. This Court said the duration of the lease was indefinite because no one could determine how long the surviving lessor would live. *Id.* at 805. This Court looked to the specific language of the agreement to determine if it violated the ten-year limitation on agricultural leases and held the lease was valid, explaining:

We need not now determine whether this lease, if it should extend beyond ten years, is invalid as to the excess thereof. Suffice it to say that there is no proof available to show that the lease will extend beyond the term of ten years. If we were to so determine, such conclusion would be based on conjecture instead of a certainty. Only future events will determine whether the lease is one that extends beyond a term of ten years. If it should extend beyond ten years, and that becomes ascertainable, such issue would be a proper matter for determination at that time. We do not now decide whether this lease would be prohibited by Section 47–1602, NDRC 1943, should it extend beyond ten years from the date of its complete execution by the parties.

*Anderson*, 72 N.W.2d at 807.

[¶ 14] Here, the language of the agreement uses the term "in perpetuity" in conjunction with other "special terms." Although this "land rent contract" gives Lyons the right "to have and to hold" the land "in perpetuity," the language of the agreement also includes contingencies which indicate the agreement may not run beyond a term of ten years, including a provision allowing Lyons to "opt out of this agreement at any time." The agreement also includes a special term allowing Kabella to sell the property "at any time forward" and giving Lyons the "first chance to purchase" the land. When the provisions of the agreement are construed together as required by our rules for construing contracts as a whole under N.D.C.C. § 9–07–06, we conclude the agreement does not necessarily extend for a longer period than ten years under N.D.C.C. § 47–16–02 and *Anderson*.

[¶ 15] Anderson and Kabella nevertheless argue *Anderson* is distinguishable because the agreement's contingencies in this case are not like the ultimate certainty of death at issue in that case.

[¶ 16] In *Anderson*, 72 N.W.2d at 806, this Court cited *Aikins v. Nevada Placer, Inc.*, 54 Nev. 281, 13 P.2d 1103 (1932) with approval. In *Aikins*, 13 P.2d at 1104–05, the Nevada Supreme Court considered a statute prohibiting leases of real property for longer than 20 years in the context of a lease providing:

That the same shall be effective for a period of five years unless default be made prior thereto, and as long thereafter as the second party or his assigns may see fit to operate said property pursuant to the terms and conditions of said lease.

The Nevada Supreme Court compared the language in that lease to a New York case involving language in a lease for the termination of the lease upon the death of the lessor or the lessor's wife, *Parish v. Rogers*, 40 N.Y.S. 1014 (N.Y.Sup.Ct.1896), and said:

The latter was to terminate upon the death of the lessor's wife, if she survived him, and the lease here upon the lessees ceasing to operate the leased property. Both are uncertain events. The difference in the nature of these events affords no room for a distinction, particularly in view of the fact that it is not apparent from the lease before us that there is any purpose to defeat the statute. As it does not appear affirmatively from the lease that it will extend beyond the statutory limitation, we cannot, in view of the applicable rule of strict interpretation, declare it void. The statute does not prohibit the leasing of real property for an uncertain period, but only condemns leases of such property for a longer period than twenty years.

*Aikins*, 13 P.2d at 1105.

[¶ 17] Here, the contingencies in this lease permit Lyons to opt out of the agree-

**6**

ment, or Kabella to sell the land. Either the lessor or the lessee can terminate the lease within ten years under the contingencies. Both are uncertain events with an indefinite duration. We are not persuaded the nature of the contingencies at issue in this case are distinguishable from *Anderson*. We conclude Lyons' 2007 agreement with Kabella does not necessarily extend for a period longer than ten years. As in *Anderson*, 72 N.W.2d at 807, we do not determine now if this lease is invalid should it extend beyond ten years. We conclude the district court did not err in determining the 2007 agreement did not violate N.D.C.C. § 47–16–02 and was not invalid. We therefore affirm the judgment dismissing Anderson's eviction action.

### V

[¶ 18] We reverse the order denying the motion to substitute Lyons' estate as a defendant and direct substitution of his estate as a defendant. We otherwise conclude the district court did not abuse its discretion in denying the post-judgment motion, and we affirm the order denying the post-judgment motion. *See Alliance Pipeline L.P. v. Smith*, 2013 ND 117, ¶ 13, 833 N.W.2d 464 (reviewing post-judgment motion under abuse-of-discretion standard).

### VI

[¶ 19] We reverse the order denying the motion to substitute Lyons' estate as a defendant and direct substitution of his estate as a defendant, and we otherwise affirm the judgment and the order denying the post-judgment motion.

[¶ 20] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.