# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2019 ND 96

---

| | |
|---|---|
| Debra Heitkamp, as Personal Representative for the Estate of Nick Lyons, | Plaintiff and Appellant |
| v. | |
| Kevin Kabella, | Defendant and Appellee |

---

No. 20180288

---

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Asa K. Burck (argued) and Kip M. Kaler (on brief), Fargo, ND, for plaintiff and appellant.

Mark A. Meyer, Wahpeton, ND, for defendant and appellee.

**Jensen, Justice.**

[¶1]    Debra Heitkamp, the personal representative of the Estate of Nick Lyons, appeals from a district court judgment in favor of Kevin Kabella following cross-motions for summary judgment alleging the district court improperly determined the parties' agreement was invalid because it fell within the limitation on the length of agricultural leases provided by N.D.C.C. § 47-16-02.  We reverse the judgment and remand for further proceedings.

I.

[¶2]    Kevin Kabella and Nick Lyons entered into an agreement pertaining to farmland on March 29, 2007.  Under the terms of the agreement, Lyons was to pay Kabella the total sum of $20,670.  Forty percent of the total sum was paid upon the signing of the agreement with payment equaling twenty percent of the total being made in each of the three subsequent years.  The agreement gave Lyons possession and use of the property "in perpetuity."  In addition to receiving the property in perpetuity, the agreement stated Kabella may sell the property subject to Lyons' right to purchase the property for $72,345.

[¶3]    Prior to the 2012 farming season, Kabella attempted to lease the property to Kermit Anderson Jr.  Lyons refused to vacate the property asserting he was entitled to the use and possession of the property pursuant to his agreement with Kabella.  Anderson brought an eviction action to remove Lyons from the property.  Kabella was included as a defendant to allow a resolution of any issues regarding the agreement between Kabella and Lyons.

[¶4]    In the litigation initiated by Anderson, Anderson and Kabella asserted the March 29, 2007 agreement between Kabella and Lyons was invalid under N.D.C.C. § 47-16-02, which precludes agricultural leases in excess of ten years.  Lyons asserted the agreement did not fall within the limitation of N.D.C.C. § 47-16-02.  The district

1

court entered a judgment in favor of Lyons finding the March 29, 2007 agreement was valid until at least March 29, 2017. The decision was appealed to this Court which affirmed the district court's decision in *Anderson v. Lyons*, 2014 ND 61, 845 N.W.2d 1 (*Lyons I*).

[¶5]   In *Lyons I*, Kabella and Anderson argued the agreement was a lease that fell within the limitations of N.D.C.C. § 47-16-02. Lyons argued the agreement was not within the limitation, and this Court declined to decide whether the agreement at issue here was limited by N.D.C.C. § 47-16-02 because express provisions of the agreement could terminate the agreement before ten years had passed. *Lyons I*, 2014 ND 61, ¶ 17, 845 N.W.2d 1. In doing so, this Court cited two contingencies which could end the agreement prior to ten years: (1) Kabella could sell the land or (2) Lyons may opt out of the agreement. *Id.* We concluded "the district court did not err in determining the 2007 agreement did not violate N.D.C.C. § 47-16-02 and was not invalid." *Id.* We specifically noted we had not determined whether the agreement would be "invalid should it extend beyond ten years." *Id.*

[¶6]   Lyons passed away in May 2013, and Debra Heitkamp was appointed personal representative of the estate. The estate has utilized the property since that time. In March 2017, Heitkamp, as personal representative of the estate of Lyons, brought the present action seeking a declaratory judgment that the agreement is valid in perpetuity. The district court granted summary judgment to Kabella and found the agreement was a lease that fell within the restrictions of N.D.C.C. § 47-16-02, and due to the non-occurrence of any of the contingencies contained in the agreement, it expired on its tenth anniversary, March 29, 2017. The court awarded Kabella damages equal to the fair value of the use of the property subsequent to March 29, 2017. The estate argues, in part, that the payments provided under the lease were not "rent or services," and therefore the agreement did not fall within the limitation on agricultural leases provided by N.D.C.C. § 47-16-02. We did not address this issue in *Lyons I*. The issue is also consistent with the argument made by Lyons in the 2012

eviction action, on appeal in *Lyons I*, and again to the district court in this case asserting the agreement does not fall within N.D.C.C. § 47-16-02.

II.

[¶7] This Court's standard for reviewing a district court's decision granting summary judgment under N.D.R.Civ.P. 56 is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law . . . . Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Estate of Christeson v. Gilstad*, 2013 ND 50, ¶ 6, 829 N.W.2d 453.

[¶8] The interpretation of a contract is generally a question of law. *Flaten v. Couture*, 2018 ND 136, ¶ 14, 912 N.W.2d 330. On appeal, this Court independently examines and construes the contract to determine if the district court erred in its interpretation. *Id.* If the intent of the parties can be ascertained from the agreement alone, interpretation of the contract is a question of law. See N.D.C.C. § 9-07-04; *Aaland v. Lake Region Grain Coop.*, 511 N.W.2d 244, 246 (N.D. 1994). Thus, an unambiguous contract is particularly appropriate for summary judgment. *Garofalo v. St. Joseph's Hosp.*, 2000 ND 149, ¶ 7, 615 N.W.2d 160. However, when an ambiguous contract is at issue, the parties' intent becomes a question of fact. *Id.* "[A] contract is ambiguous when reasonable arguments can be made for different positions on its meaning." *Moen v. Meidinger*, 547 N.W.2d 544, 547 (N.D. 1996).

[¶9] The district court acknowledged the "parties dispute the nature of the agreement with Heitkamp [*Lyons*] alleging the agreement was a grant, purchase or contract for deed, and Kabella that it was a lease for a term of years." The court thereafter engaged in substantial analysis of the agreement to determine whether it

3

was a grant, purchase agreement, or contract for deed as asserted by the estate, or if it was a lease as asserted by Kabella.

[¶10] There are several aspects of the document that support the estate's interpretation asserting the agreement was a grant, purchase agreement, or contract for deed. The term of the agreement, "in perpetuity," is an unusual term for lease. The document states the property will be Lyons' "to have and to hold in perpetuity." The document required Kabella to continue to pay the real estate taxes on the property in perpetuity without any reciprocal rental income after June 2011. The continuing obligation to pay the real estate taxes would have placed increasing pressure on Kabella to invoke his right to sell the property and trigger the option to purchase, making the option to purchase a significant object of the agreement. While not prohibited, a lease for a significant term with front-loaded payments would be unusual. In the event of escalating land prices, the agreement locked Kabella into a fixed sales price and in the event of declining land prices, locked Lyons into the initial fixed payments if he decided not to opt out of the agreement. This indicates the option to purchase was a significant object of the agreement. Lyons would have received credit for all of the prior payments in the event he elected to exercise the option to purchase if Kabella decided to sell the property, again indicating the option to purchase was a significant object of the agreement. Kabella was locked into receiving a fixed amount of rent, regardless of the number of years Lyons remained on the property or whether fair market rent increased. Lyons also had the right to terminate the agreement without penalty and before making the total payments required under the agreement. The visual structure of the document itself closely resembles a deed. There are no restrictions on what Lyons could do with the property. There are no provisions limiting improvements or determining who would own the improvements. There are no limitations on assignment, and the document repeatedly uses a phrase common to real property transfers by allowing Lyons to transfer his rights under the agreement to "heirs, successors, personal representatives and

4

assigns." From a substantive standpoint, much of the agreement is an option to purchase or contract for deed.

[¶11] There are aspects of the agreement that support Kabella's interpretation asserting the agreement was a lease. The document is titled "Land Rent Contract." The property was described as being "demised, leased and let." There are references to the document as a "lease." From a semantics standpoint, the document could reasonably be interpreted to be a lease. However, our rules of contract interpretation also provide that "[w]ords in a contract which are inconsistent with its nature or with the main intention of the parties are to be rejected." N.D.C.C. § 9-07-18.

[¶12] Granting summary judgment would require the district court to have determined the agreement was an unambiguous document intended to be a lease. On appeal, this Court independently examines and construes the parties' agreement to determine if the district court erred in its interpretation. *Flaten*, 2018 ND 136, ¶ 14, 912 N.W.2d 330. "[A] contract is ambiguous when reasonable arguments can be made for different positions on its meaning." *Moen*, 547 N.W.2d at 547. We conclude the estate and Kabella both have reasonable arguments regarding the nature of the document. The document is ambiguous with regard to whether it is an option to purchase, contract for deed, or lease.

[¶13] When an ambiguous contract is at issue, the parties' intent becomes a question of fact. In this instance, the question of fact, whether the document was intended to be a lease, option to purchase, or contract for deed, is a material question of fact which precluded the entry of summary judgment.

[¶14] The agreement also gave Lyons an undisputed right of first refusal. "When a contract has several distinct objects, of which one at least is lawful and one at least is unlawful in whole or in part, the contract is void as to the latter and valid as to the rest." N.D.C.C. § 9-04-04. We have interpreted N.D.C.C. § 9-04-04 as requiring an agreement to be construed to give effect to the lawful objectives provided for in the agreement. *Schue v. Jacoby*, 162 N.W.2d 377, 383 (N.D. 1968). Even if the district court concludes that document is subject to the ten-year restriction of agricultural

5

leases prescribed by N.D.C.C. § 47-16-02, it must still consider whether the agreement has a separate, distinct, and enforceable objective of providing Lyons with a right of first refusal, potentially limited by our statutory rule against perpetuities codified in N.D.C.C. § 47-02-27.1.

### III.

[¶15] Reasonable persons can draw more than one conclusion regarding the nature of the parties' agreement, and we therefore reverse the judgment and remand for a determination of whether this agreement is a lease subject to the limitations of N.D.C.C. § 47-16-02, or a grant, option to purchase, or contract for deed outside the limitations of N.D.C.C. § 47-16-02. Because the question of whether the limitation within N.D.C.C. § 47-16-02 applies to the parties' agreement remains undetermined, we decline to decide if the agreement was invalid after extending for a period of ten years.

[¶16] Jon J. Jensen
Daniel J. Crothers
Jerod E. Tufte

I concur in the result.

Lisa Fair McEvers
Gerald W. VandeWalle, C.J.